F. G. EVANSICH v. THE G., C. & SANTA FE R. R. Co.

(Case No. 1641.)

1. DEPOSITIONS — EXAMINATION OF WITNESS.— It is proper to ask a witness on a cross-examination any question that may be pertinent to the matter to be decided by the jury; and any fact to show a bias in the evidence of the opposite party is admissible whether the same be offered by the examination in chief or on cross-examination.

2. SAME.— This rule is not confined to such questions as will show bias of the witness; for the purpose of showing this, or falsity in his main statement, a witness may be examined upon collateral matters; but it extends to an examination into all matters connected with the *res gestæ*.

3. CROSS-EXAMINATION OF WITNESS.— On a cross-examination inquiry may be made into the situation of the witness in respect to the parties and to the subject of litigation,— his interest, his inclinations and prejudices, his means of obtaining a certain and correct knowledge of the facts about which he testifies, the manner in which he uses those means, his power of discernment, memory and description, may be fully investigated and ascertained.

4. CROSS-EXAMINATION.— While the rule that only such evidence as is relevant to the matter in issue is admissible applies to the cross-examination as well as the examination in chief of a witness, it is not applied with the same strictness to a cross-examination.

5. WITNESS.— Any fact which bears on the credit of a witness is a relevant fact; and this whether it goes to his indisposition to tell the truth, his want of opportunity to know the truth, his bias, interest, want of memory, or other like fact.

6. PRACTICE — DEPOSITION.— That cross-interrogatories to a witness sought information regarding matters to which the witness testified in a former deposition affords no reason for striking them out.

7. DEPOSITION.—See opinion for facts under which it was held that the taking of the deposition of a witness by the same party a second time in the same suit was an irregularity, unless done by leave of the court. When done, it is the right of the adverse party not only to question the witness about all such matters as were covered by the direct interrogatories in the second deposition, but also about all matters about which the witness testified in his first deposition.

8. VERDICT.— When there is evidence before the jury, upon which, under the instructions, the jury would be authorized to return a given verdict, it cannot be said that such verdict is contrary to the charge given.

9. CHARGE OF COURT.— In an action for damages against a railway company for injury done a little child by the company's negligence in leaving un-

fastened a turn-table, whereby the child playing on it was hurt, there was evidence tending to show that the table was well fastened, that it could not have been unfastened by a child of tender age, and that it was unfastened by those old enough to be responsible for their negligences. *Held*, it was the duty of the court to give an instruction fairly submitting to the jury whether the servants of the corporation had so fastened its turn-table that children *non sui juris* could not have unfastened it and used it.

Error from Washington. Tried below before the Hon. I. B. McFarland.

F. G. Evansich, Jr., joined by his father, sued defendant in error for damages for injuries received on its turn-table, alleging that his injuries were caused by its leaving it unfastened, unguarded and uninclosed, whereby plaintiff, who was seven years old, played on it and was hurt.

Answer by general and by special demurrers; also by general denial and by special answers. Judgment for defendant.

The pleadings were the same as on a former appeal. See 57 Tex., 126.

The opinion states all facts necessary to its proper understanding, except the general charge of the court, which, except as stated in the opinion, was in harmony with former decisions.

*F. D. Jodon* and *Breedlove & Ewing*, for plaintiff in error, cited: Rhius *et al. v.* Blake, 1 Texas Law Rev., 241; Wentworth *v.* Crawford, 11 Tex., 132; R. S., arts. 2223, 2224, 2225, 2235, 2236; Weeks on Law of Depositions, sec. 238, p. 267; sec. 374, p. 445; sec. 370, bot. p. 440; sec. 395, p. 462; secs. 238, 502, 524, pp. 581, 583; secs. 400, 534; 1 Wharton's Law Ev., secs. 408, 410, 527, 529; 1 Greenl. Ev., sec. 446; Evansich *v.* G., C. & Santa Fe R. R. Co., 57 Tex., 128.

*Ballinger, Mott* and *Terry*, for defendant in error, cited: 1 Dan. Ch., 920, 922; Allen *v.* Babcock, 15 Pick., 56; Jones *v.* Lucas, 1 Rand., 268; Bailey *v.* White, 13 Tex., 118; McFarland *v.* Hall, 17 Tex., 690; Gilliard *v.* Chessney, 13 Tex., 337; Jordan *v.* Brophy, 41 Tex., 283.

Stayton, Associate Justice.— The first assignment of error calls in question the correctness of the ruling of the court below in striking from a commission certain cross-interrogatories which the appellant filed to one Hemming.

It appears that the defendant in error had once taken the deposition of Hemming in the case, and that afterwards, desiring to interrogate him in regard to some matters of which inquiry had not been made directly in former interrogatories, in reference to which,

however, the witness had made some statements in the deposition already taken, the defendant in error filed interrogatories again to Hemming, which were crossed by the plaintiff in error. A commission seems to have issued to take the deposition of the witness, and this contained the direct and cross-interrogatories on file.

At this stage of the matter the defendant in error moved the court to exclude twenty-one of the cross-interrogatories which were designated by number.

The grounds for this motion were:

1st. They were not in cross-examination upon any matter inquired of in chief.

2d. They were not relevant to any issue in the cause.

3d. They were repetitions of matters fully answered in witness' former deposition.

4th. They were improper and objectionable in form and substance.

5th. They tend to increase the cost of the case to no useful or legal purpose.

The motion was sustained, and another commission was directed to issue, not to contain the cross-interrogatories thus stricken out, and upon this commission the deposition was taken, and it, as well as the deposition formerly taken, were used on the trial.

The interrogatories excluded, as well as the direct interrogatories on which the second deposition was taken, are made a part of the bill of exceptions, as are also the direct and cross-interrogatories upon which the first deposition was taken. Both depositions were used on the trial and are made a part of the statement of facts.

There is nothing in the answers to the cross-interrogatories upon which the second deposition was taken which indicates that the cross-interrogatories which were not stricken out were in substance the same as those stricken out, except in two instances in which answers are found which are in substance answers to two of the cross-interrogatories stricken out.

No critical analysis of the rejected interrogatories will be attempted; suffice it to say that they were such, in the main, as tended to show the situation of the witness at different periods when facts of which he testified occurred; such as would test the accuracy of the memory of the witness by comparison of the statements to be made by him with those made by him in the former deposition; such as would so identify his locality with that of others who testified in the case as to the different times when acts and facts of which he spoke occurred, as to give to the testimony of such other persons, in regard

to acts which the witness stated he performed, a weight which the evidence of such persons could not have unless they were shown to have been with or near the witness at the time he claimed to have performed certain material acts and to have seen certain things which were material in the case; such as might enable the jury to give the proper weight, if it was entitled to any, to the fact that the witness was not directly interrogated upon the first deposition in regard to some of the material matters to which the direct interrogatories on which the last deposition was taken refer; such as would have explained or accounted for the failure to file such interrogatories at first, or tend to show that their absence resulted from the failure of the witness, in conversations which he may have had with the agents or attorneys for the defendant in error, prior to taking the first deposition, to relate to them his knowledge of some of the most material facts in the case.

The several grounds upon which the motion was based will be considered in the order in which they were made.

The first ground of objection assumes that no questions can be asked on cross-examination except such as bear directly upon some direct interrogatory; that the cross-interrogatories must be confined to the question propounded and to be answered on the direct examination.

That such is the rule in some of the states is true, while in others, and in England, a different rule is adhered to. Wharton's Law of Evidence, 529; 1 Greenleaf, 445.

In Wentworth v. Crawford, 11 Tex., 133, in speaking on this subject, Lipscomb, Justice, said: "We are aware that some *dicta* are to be found, from respectable names, that the cross-examination must be confined to the questions propounded and answered on the examination in chief, but this is not believed to be the established doctrine on the subject. We believe that it is regular to ask a witness, on a cross-examination, any question that may be pertinent to the question to be decided by the jury; and that any fact, to show a bias on the evidence of the opposite party, is admissible, whether the same be offered by the examination in chief or cross-examination."

This rule is not confined to such questions as will show bias of the witness; for the purpose of showing this, or falsity in his main statement, a witness may be examined upon collateral matters; but it extends to an examination into all matters connected with the *res gestæ*. Wharton's Law of Evidence, 529, 532.

Upon cross-examination an inquiry may be made "into the situation of the witness with respect to the parties and to the subject of

litigation; his interest, his motives, his inclination and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he uses those means, his power of discernment, memory and description" may be fully investigated and ascertained. 1 Greenleaf, 416; Starkie on Evidence, 195.

The rule that only such evidence as is relevant to the matter in issue shall be introduced governs not only in the direct examination of a witness but also in the cross-examination. The rule, however, is not applied with the same strictness in a cross-examination as it is in the examination in chief, and the main difficulty arises in determining whether given testimony is relevant or not.

As all issues of fact must be determined by the testimony of witnesses, it would seem that any fact which bears upon the credit of a witness would be a relevant fact, and this whether it goes to his indisposition to tell the truth, his want of opportunity to know the truth, his bias, interest, want of memory, or other like fact. Winston v. Cox, 38 Ala., 274.

That the cross-interrogatories sought information on matters in reference to which the witness had testified in a former deposition was no reason for striking them out.

Some of the answers in the former deposition were not clearly responsive to the interrogatories, and because they were not so full as the defendant desired, was evidently the reason why it was thought necessary to take the deposition of the witness again. Under such circumstances it was highly proper that the plaintiff should fully interrogate him in reference to such matters.

The taking of the deposition of the witness the second time was an irregularity, unless done by leave of court, and in such case it was the right of the adverse party to interrogate the witness, not only upon such matters as were covered by the direct interrogatories upon which the second deposition was taken, but also upon all matters in reference to which he had testified by former deposition. This method of testing the memory of the witness was one of the most effective which could have been pursued, as was it one of which the adverse party could have the least ground for complaint.

The objection to the form and substance of the interrogatories was of the most general character and pointed out no particular matter in which, either in form or substance, were they improper. Such being the case, and counsel for defendant in error in their brief declining to enter into the consideration of the question, this objection will not be further considered.

The charges given by the court without request, taken in connection with the charges given at the request of the plaintiff in error, while some of them may not have been technically correct, presented the case to the jury quite as favorably as he was entitled to have it presented, and we are of the opinion that the jury could not have been misled by any charge given, or the defendant in error, in view of the charges given, in any way prejudiced by the refusal of the court to give charges asked by him which were refused.

It is claimed that the verdict was contrary to the law as given in charge to the jury. There was evidence before the jury upon which, under the instructions given, the jury would have been authorized to find as they did, and when this is the case, it cannot be said that the verdict is contrary to the charge given. If the charge be erroneous, that is matter for a different assignment.

There is evidence tending strongly to show that the turn-table on which plaintiff in error was injured was unfinished, and that it was as well secured as, in its unfinished condition, it could be; that it was so fastened that children *non sui juris* could not unfasten or use it; and that it was unfastened and used by boys of age sufficient, perhaps, to be responsible for their own negligent acts.

Under this state of facts the court should have given an instruction to the jury which would have fairly submitted to them whether the servants of the defendant in error had so fastened its turn-table that children *non sui juris* could not have unfastened and used it; for if so, and the turn-table was unfastened and used by other persons not under the employment, control or direction of the defendant in error, of age and intelligence to be responsible for their own negligent acts, and injury resulted therefrom to another, it could not be said that negligence of the defendant in error was the proximate cause of the injury. Wharton on Negligence, 134–155; Shearman & Redfield on Negligence, 269.

Charges presenting this question were asked by the defendant in error and refused. The fourth charge asked and refused should have been given, and, with some slight modifications, the third charge asked and refused would have been proper. This matter is referred to for the reason that they are likely to arise on another trial.

For the error in excluding from the commission the cross-interrogatories which were stricken out, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 1, 1884.]