## J. M. Cox v. Missouri, Kansas & Texas Railway Company of Texas.

### Decided January 4, 1899.

**1. Cross-Examination—Bias of Witness.**

A material witness who has come from a distant county to testify at request of the defendant, may be asked on cross-examination whether he would have done so at plaintiff's request and without that of defendant.

**2. Opinion Evidence—Cause of Accident from Condition of Cars.**

An expert may give his opinion as to the cause of a train breaking in two, based on the condition of the cars and apparatus, though his examination was made some hours after the accident and the cars had been handled before he saw them.

Appeal from Williamson. Tried below before Hon. R. E. Brooks.

The fourth assignment of error referred to in the opinion was as follows:

"The court erred in admitting the testimony of the witness Veasey as to the condition he found the cars in some six or seven hours after the accident, and to give his opinion as an expert as to the cause of the parting of the train founded upon such condition, defendant not proposing to show that such condition was produced by the accident, and it appearing that the cars were handled after the accident and before he saw them, as shown in plaintiff's bill of exception number 3."

*John W. Parker*, for appellant.

*Fiset & Miller*, for appellee.

FISHER, Chief Justice.—The appellant Cox, while in the employ of the railway company as a brakeman, was thrown from the train and sustained injuries for which he sues the company in damages: and upon trial in the court below judgment was rendered in favor of the defendant.

It appears from a bill of exceptions in the record that Andrew Roberg, a witness in behalf of appellee and in its employ, traveled from Wichita Falls to Georgetown, Texas, at the instance of the defendant, in order to appear as a witness in its behalf. On cross-examination the plaintiff asked him the question, whether he would have come to Georgetown to testify in the case if the defendant had not asked him to do it and the plaintiff had asked him to come. Upon objection, the witness was not permitted to answer this question, and the ruling of the court in this respect is here questioned by assignment of error.

It appears from the allegations of the plaintiff's petition that the plaintiff was injured by being thrown from the cars while engaged in the service of defendant as brakeman, by reason of the section of the train upon which he was coming in collision with the section ahead of it. The train in question was a freight train; it had parted or separated, leaving the caboose and two freight cars in the rear; and it afterwards ran upon and collided with the forward section, the shock from which caused the plaintiff to fall from the car and receive the injuries complained of.

The ground of negligence averred is as follows: "That the shock so imparted to the said caboose was caused by the parting of the train between the second and third cars from the caboose and the striking of the rear section upon the forward one, and the said train was caused to part by the drawhead in the second car pulling out; and plaintiff alleges that the said drawhead was caused to pull out on account of its unsafe and defective condition and of the unsafe and defective condition of the follow-plates, and of the key placed in the end of the stem of the drawhead to prevent the same from pulling out, and on account of the said key not being provided with a ring or other fastening in the end of the same to prevent the same from falling out, in all of which defendant was negligent. That plaintiff was ignorant of said defects and had not equal means with defendant of knowing the same, and that defendant knew or by the use of ordinary care ought to have known the same; and that plaintiff was unable to discover that the train had parted, owing to the darkness and to the fact that the train was enveloped in smoke and dust, and he says his falling between said cars was without fault or neglect on his part."

There are some facts and circumstances shown by the evidence which have a tendency to support these averments. The witness Roberg was one of the defendant's most material witnesses to show that the cars had been properly inspected a short while before the accident, and that the defects pointed out in the petition did not exist.

How far inquiry may go in the development of facts bearing upon the bias, prejudice, or partiality of a witness, is correctly stated in the rule given in 29 American and English Encyclopedia of Law, page 770: "The fact that a witness manifests a partiality for the party who calls him is a proper matter for the consideration of the jury in estimating the value of his testimony, and it is competent to prove facts and circumstances which naturally tend to create bias in the mind of the witness, for the purpose of affecting his credibility." And as said in Evansich v. Railway, 61 Texas, 27: "Upon cross-examination, an inquiry may be made into the situation of the witness with respect to the parties and to the subject of litigation; his interest, his motives, his inclination, and prejudice, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he uses those means, his powers of discernment, memory, and description, may be fully investigated and ascertained. The rule that only such evidence as is rele-

vant to the matter in issue shall be introduced governs not only in the direct examination of a witness, but also in cross-examination. The rule, however, is not applied with the same strictness in a cross-examination as it is in the examination in chief, and the main difficulty arises in determining whether given testimony is relevant or not. As all issues of fact must be determined by the testimony of witnesses, it would seem that any fact which bears upon the credit of a witness would be a relevant fact, and this whether it goes to his indisposition to tell the truth, his want of opportunity to know the truth, his bias, interest, want of memory, or other like fact."

It was in proof that the witness, while in the employ of the defendant, voluntarily attended the trial, traveling a distance of several hundred miles from Wichita Falls to Georgetown for that purpose, and this was at the request of the defendant. If in response to the question asked by the plaintiff, would he have extended such a favor to the plaintiff, he had answered no, it certainly would have been some evidence, showing a friendliness and partiality for one party not entertained for the other.

Now, clearly, there could have been no objection to a question propounded to the witness whether he was on friendly terms or unfriendly terms with the plaintiff; and, if such a question had been asked him, he evidently would have been required to answer it. While it is true the question asked him in this particular instance does not go so far, still, its tendency is to develop the fact that the witness was partial to the interest of the defendant and unfriendly to that of the plaintiff; and, if such was the case, it was proper for the jury to consider that fact in determining the weight to be given to the testimony of the witness. It is the province of the jury to weigh the evidence and determine the reliability and credibility of the sources from which it comes; and it necessarily follows that any fact which might have a tendency to affect the credibility of the witness is important to be considered in determining the weight that should be given to the evidence.

Now, in this particular case, if the jury had believed that the witness Roberg, by reason of his feeling towards either party, had colored his testimony in favor of the defendant, they may have been warranted in disbelieving much of his evidence concerning the inspection of the cars and the good condition in which he found the appliances which are claimed by the plaintiff to have been defective; and, in view of the circumstances in the record from which the jury might have inferred that the plaintiff's allegations in this respect were true, with Roberg's testimony discredited, might go far in influencing the jury in reaching a verdict. Therefore, the conclusion is that this testimony was material, and the court erred in declining to permit the witness to answer the question.

We do not believe there was any error in the ruling complained of in the fourth assignment of error. The testimony of the witness Veasey, we think, was admissible.

We can dispose of those assignments which complain of error in the

charge of the court, by the statement that they will not likely occur on another trial. The use of the expression "forward car" in the charge, in the respect in which it is complained of in the assignments of error, is to some slight extent confusing; but upon the whole, we believe that the jury understood the charge and that the use of the expression was not calculated to mislead them; but, as said before, the uncertainty in this respect will not occur on another trial. For the reasons stated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*