## BRIGGS-WEAVER MACHINERY CO. v. PRATT. (No. 7442.)*

(Court of Civil Appeals of Texas. Dallas. March 11, 1916. Rehearing Denied April 8, 1916.)

1. TRIAL ⊚⟶352(1)—PRESENTATION OF ISSUES.

In a salesman's action for compensation due under an oral contract, where defendant claimed that his employment was under a written contract, the court's statement in its formal presentation of the issues that plaintiff was suing upon an alleged oral contract, reciting its exact terms with reference to salary and commissions and how and when both were earned and payable, and that the defendant denied that, and said the contract was a written contract, omitting any reference to the terms of the written contract as pleaded, was not objectionable as confusing the jury or leading them to believe that the written contract alleged by defendant was not an issue in the case, as it was necessary to recite the terms of the oral contract, that the jury might, if finding for plaintiff, find in accordance with its provisions, and not necessary to state the provisions of the alleged written contract, since, if the jury believed that it was the true contract of payment, the verdict in view of a plea of payment, would be for defendant, without reference to its terms.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 840; Dec. Dig. ⊚⟶352(1).]

2. APPEAL AND ERROR ⊚⟶1062(1)—HARMLESS ERROR—PRESENTATION OF ISSUES.

Such presentation, if objectionable, as confusing the jury or leading them to believe that the written contract alleged by defendant was not an issue in the case, was harmless, where the first interrogatory was whether plaintiff had an oral contract with defendant, or whether it was the written contract alleged by defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4212; Dec. Dig. ⊚⟶1062(1).]

3. TRIAL ⊚⟶350(4) — SPECIAL ISSUES — FUNCTION.

In a salesman's action for compensation under an oral contract, wherein defendant claimed that his employment was under a written contract, the refusal to submit defendant's requested special issue as to whether defendant on or about a certain date mailed plaintiff a contract in writing covering his employment was not error, though a dependent issue as to whether plaintiff accepted such contract should have been given, under the rule that the function of special issues is to have the jury determine from the evidence the existence of the material facts sought to be established by the respective parties.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 829; Dec. Dig. ⊚⟶350(4).]

4. TRIAL ⊚⟶351(5)—REQUESTED ISSUES—SUBMITTED ISSUES.

In such action, refusing to submit defendant's requested special issue was not error, where the court by its first interrogatory asked the jury whether plaintiff had an oral contract with defendant, reciting its terms, or whether he was employed under the written contract set out in the defendant's pleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 834; Dec. Dig. ⊚⟶351(5).]

5. PLEADING ⊚⟶177—ADMISSION—STATUTE.

In a salesman's action for compensation under an oral contract, where defendants in a paragraph of its answer alleged facts which, if true, constituted an acceptance by plaintiff of the alleged written contract of employment, and in a subdivision of such paragraph charged that such contract had been delivered to plaintiff, and that he entered the service of defendant thereunder for the year involved, plaintiff's reply denying the existence of the written contract and asserting the oral contract sued upon, and specifically denying each paragraph of defendant's pleading setting up the written contract, save the subdivision in reference to which he admitted receiving from defendant such written contract, but denied that he accepted it, was a sufficient denial under the Practice Act, as amended in 1913 (Acts 33d Leg. c. 127), and since repealed (Acts 34th Leg. c. 101), in force at the trial, requiring a reply to affirmative allegations of the answer to either admit or deny them or deny any knowledge or information in reference thereto sufficient to form any belief concerning them.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 354, 355; Dec. Dig. ⊚⟶177.]

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

**6. PRINCIPAL AND AGENT ⬅89(9)—COMPENSATION—QUESTION FOR JURY—ACCEPTANCE OF WRITTEN CONTRACT.**

In a salesman's action for compensation under an oral contract, where defendant pleaded that the employment was under a written contract, *held*, that whether plaintiff accepted the alleged written contract and acted thereunder was for the jury.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 238; Dec. Dig. ⬅89(9).]

**7. TRIAL ⬅85 — EVIDENCE ADMISSIBLE IN PART—SCOPE OF OBJECTION.**

An objection to evidence admissible in part should separate the admissible evidence from that which is inadmissible, and, unless it does so, the admission of the irrelevant evidence will not constitute reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222–225; Dec. Dig. ⬅85.]

**8. WITNESSES ⬅398(1)—IMPEACHMENT—CONTRADICTION.**

It is always competent for a party to contradict his adversary's witness by showing the facts to be otherwise than as testified to by him, and so discredit the witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1267; Dec. Dig. ⬅398(1).]

**9. APPEAL AND ERROR ⬅1048(6)—HARMLESS ERROR—EXAMINATION OF WITNESSES—REPETITION OF TESTIMONY.**

In a salesman's action for compensation and salary under an oral contract, where defendant pleaded his employment under the terms of a written contract, and where defendant's president on his direct and cross-examination denied the execution of the oral contract alleged by plaintiff, and where a deposition of the president's former stenographer taken in behalf of plaintiff, in which he detailed a conversation between plaintiff and defendant's president tending to support plaintiff's contention, was not used, and the stenographer testified in person, the cross-examination of defendant's president by reading the conversation as first detailed by the stenographer in his deposition and inquiring whether it occurred, which the witness denied, while not approved, because presenting the testimony of the witness to the jury twice, once by deposition and once orally, so as to give it undue prominence, was not so prejudicial as to warrant a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4145; Dec. Dig. ⬅1048(6).]

**10. WITNESSES ⬅398(2) — IMPEACHMENT — CONTRADICTORY STATEMENT—PREDICATE.**

In such case the statement taken from the deposition was proper and sufficient as a predicate for the contradiction of the testimony of defendant's witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1274; Dec. Dig. ⬅398(2).]

**11. WITNESSES ⬅374(2)—CREDIBILITY—HOSTILITY.**

In a salesman's action for compensation and salary under an oral contract, where defendant set up his employment under a written contract, a letter from defendant to another company which had inquired about the capability of the plaintiff, whom it contemplated employing, which was unfriendly to and biased against plaintiff, was admissible, as the bias or unfriendliness of a material witness toward a litigant may be shown as affecting the weight to be given the witness' testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1202; Dec. Dig. ⬅374(2).]

**12. APPEAL AND ERROR ⬅882(8)—PARTY ENTITLED TO ALLEGE ERROR — ADMISSION OF EVIDENCE.**

In such case the defendant, which proved the contents of the letter by its president before it was offered by plaintiff, was in no position to complain of its admission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3597, 3598; Dec. Dig. ⬅882(8).]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Clarence E. Pratt against the Briggs-Weaver Machinery Company, with cross-action by defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

Burgess, Burgess, Germany & Chrestman, of Dallas, for appellant. Israel Dreeben, of Dallas, for appellee.

RASBURY, J. Appellee sued appellant in the court below to recover a sum of money alleged to be due appellee as agreed compensation for personal services. There was trial by jury, to whom were referred certain special issues of fact. Upon the answers of the jury the court rendered judgment for appellee, from which entry this appeal is prosecuted.

Briefly stated, and without attempting to follow their mutations, the pleadings were as follows: Appellee alleged that he was employed by appellant as traveling machinery salesman for the year 1913 by oral agreement between the parties by which appellee was to receive a salary of $3,600, of which $125 was payable monthly, the balance at the expiration of the year, with the further understanding that appellee was to receive the additional sum of 5 per cent. of all sales in excess of $25,000 on which appellant realized a profit. No claim was made for the additional compensation, but it was alleged that appellant had only paid $1,375 of the agreed salary of $3,600, leaving a balance of $2,225, for which amount judgment was rendered upon the finding of the jury.

Appellant, while admitting appellee's employment for the period and in the capacity stated, denied such employment was under the oral agreement alleged by appellee, but was, on the contrary, under a written one, by which appellee was to receive $1,500, payable $125 per month, together with the additional compensation of 5 per cent. on all sales in excess of $35,000, provided the profit on such sales was sufficient to warrant the commission, and that he earned no commissions, and that his agreed salary had been paid, save $125, which was tendered. Appellant also sought by cross-action to recover of appellee $500 alleged overpayment on 1912 commissions, during which year appellee was in its employment. Verdict and judgment were against appellant on its cross-action.

Some issues arise on the pleading which require a more specific statement in that

respect, and in considering the issues we will when necessary make such further statement. It may also be said for the purpose of this appeal that evidence was adduced by both sides to the controversy in support of the allegations in their pleading sufficient to sustain verdict either way.

[1] The first issue presented is that the manner in which the trial court presented the issues made by the pleading and evidence preliminary to propounding to the jury the questions of fact to be determined by them was calculated to lead the jury to believe the contract relied upon by appellant was not an issue in the case, and to confuse them in that respect. In propounding questions of fact to the jury for their determination, the court preceded the questions with a formal statement of the nature of appellant's suit and appellant's defenses thereto. In such statement the court recited that appellee was suing upon an alleged oral contract, stating its exact terms with reference to salary and commissions and how and when both were earned and payable. In referring to appellant's defenses the court said, "The defendant denies this, and says the contract was a written contract," omitting any reference to the details of the written contract concerning salary and commission and payment thereof, as pleaded by appellant. Such omission, however, did not, in our opinion, either confuse the jury or lead them to believe that the written contract alleged by appellant was not an issue in the case. The issue in the case and the one the jury surely understood to be the controlling one was whether appellee was employed under the oral contract upon which he sued or upon the written contract under which appellant defended; and it was necessary to recite the precise terms of the alleged oral contract relied upon by appellee in order that the jury might, in case their verdict was for appellee, find in accordance with its provisions. It was not in like manner necessary to furnish the jury with the details of the written contract in case the jury should find for the defendant for the reason that its terms were immaterial, since, if the jury believed that the written contract was the true one, verdict would have been for appellant without reference to its terms, due to the fact that appellant claimed it had paid appellee in full thereunder, save $125, which was tendered in court.

[2] It may further be said that, if the manner of presenting the issue is susceptible of the criticism directed against it, such action was harmless, since it appears that the jury were required to determine precisely whether the oral or written contract was the true one. By the first interrogatory the jury were asked whether appellee had an oral contract with appellant for the year 1913, stating its terms, or whether it was the written one as alleged by appellant in its pleading. It is thus clear that, whatever the jury may have thought concerning the intention of the court to ignore the written contract, as disclosed by the preamble to his charge, all doubts were dispelled when they were required to pass directly upon the question.

[3] The next issue presented is the action of the court in refusing to propound to the jury two special issues submitted by appellant as follows:

"(4) Did defendant, on or about September 24, 1912, mail to Pratt a contract in writing, covering Pratt's employment by defendant for the year 1913?

"(5) If you have answered question No. 4 'Yes,' then did plaintiff accept said contract?"

The trial court did not, in our opinion, err in refusing to submit special issue four. All authority is agreed that the true function to be attained by special issues is to have the jury determine from the evidence the existence or not of the material facts sought to be established by the respective parties. One of the material, if not controlling, facts to be found by the jury in the instant case was whether appellee was employed under the contract alleged by him or under the one alleged by appellant. Consequently it is clear that, even though special issue 4 had been submitted, and the jury had found that appellant did mail the contract to appellee, it would not have established the fact upon which it bore, since mailing the contract would in no respect establish that appellee accepted it or agreed to its terms. Question 5, however, was pertinent and material, and presented to the jury a material and controlling issue, and, in the absence of any substantial presentation of such issue, the failure to submit the issue would have been error.

[4] The court did, however, present the precise issue, and in a manner as fair and impartial as did the refused charge. It is to be borne in mind that it was claimed by appellee that he was employed under the oral contract alleged by him, while it was maintained by appellant that he was employed under the written contract alleged by it. Consequently the issue was which was the true contract? In submitting the issue thus made the court by his first interrogatory inquired of the jury whether appellee had with appellant for the year 1913 an oral contract, reciting its terms, or whether it was the written contract set out in the pleadings of appellant. Here in one question was fairly put the issue made by both parties, because in answer to the question the jury was compelled, in making its answer, to find that the true contract was either oral or written. True, it would have been correct to have submitted the requested issue, but it would have been further necessary to make the presentation complete for the court to have also submitted affirmatively, or in the same manner, the issue of oral contract; and it would have been error for

the court to have refused to do so, since obviously it always has been the rule, applied both to cases submitted upon a general charge or upon special issues, that all issues of fact made by the pleading and sustained by the evidence must be affirmatively submitted to and determined by the jury. For the reasons stated, we conclude that the court did not err in the respect stated.

[5] The next issue is based upon the refusal of the trial court to instruct the jury to consider the written contract as the true one between the parties. This issue arises upon the Practice Act, as amended in 1913 (Acts 33d Leg. c. 127), and since repealed (Acts 34th Leg. c. 101). The ground upon which the charge was predicated was the alleged failure of appellee to specifically admit or deny plaintiff's allegation that said written contract had been delivered to him. Appellant by its first amended original answer alleged in paragraph 5 thereof facts which, if true, constituted an acceptance by appellee of the alleged written contract. Subdivision 5 of said paragraph charged that such contract had been delivered to appellee, and that appellee entered the service of appellant thereunder for the year 1913. In reply to such pleading appellee denied, first, the existence of the written contract at all and asserted the oral one sued upon. Then he denied specifically each paragraph of appellant's pleading setting up the written contract, save subdivision 5, wherein it was charged that he received it. In reference to this issue he admitted receiving from appellant in the fall 1912 the written contract, but denied that he accepted it or that it was consummated between him and the appellant. By the amended Practice Acts in force at trial of this case appellee, as plaintiff below, was required in replying to the affirmative allegations of appellant's answer to either admit or deny them or deny any knowledge or information in reference thereto sufficient upon which to form any belief concerning them. That appellee complied with the statute we think clear. Every material fact was denied, except receipt of the written contract, which was admitted. But such admission did not entitle appellee to the requested instruction, because accompanying the admission of the receipt of the contract was a denial of its acceptance or consummation, which raised an issue of fact for the determination of the jury, one of the purposes sought to be attained by the repealed act. Accordingly we feel constrained to overrule the assignment.

[6] It is next urged by two assignments that the court erred in refusing to withdraw from the consideration of the jury the evidence of appellee adduced in support of his plea just stated that, while he received the contract mailed him by appellant in the fall of 1912, he refused to accept its provisions, and in that connection to instruct verdict for appellant. In the midst of the trial and upon cross-examination appellee testified that he never at any time received a written contract from appellant covering his employment for the year 1913; further, that the contract which appellant alleged was mailed to him, and which he admitted by his pleading he received in the fall of 1912, was, in fact, a contract intended to cover his compensation for the years 1911 and 1912, which had been in dispute between him and appellant. Appellant's contention is, in effect, that having admitted receiving the contract, and not having denied that it was for the year 1913, but only that he did not accept its terms, his testimony should have been excluded, and verdict instructed for appellant. Waiving the fact that the testimony sought to be excluded was elicited by appellant on cross-examination for the evident, but entirely proper, purpose of showing a variance between appellee's sworn answer and his testimony, and thereby reflecting against appellee any consequent inconsistency, we nevertheless conclude the court's action in refusing to peremptorily instruct verdict for appellant was correct. As we have said at another place, judgment against appellee could not properly be entered upon the pleading alone, because, without reference to the real facts, the issue of fact tendered by the pleading of appellant had been squarely met by the pleading of appellee, and there was in appellee's pleading no admission of fact which could have supported an instructed verdict for appellant. In short, the admission was that the contract pleaded by appellant had been received, but not accepted or agreed to by appellee. It then became an issue of fact to be affirmatively proven by appellant to the satisfaction of the jury that appellee did accept same and did perform his duties during the year 1913 under its terms and provisions. The fact that appellee admitted receiving, but not accepting, a contract alleged by appellant to be one for the year 1913, and on cross-examination testified that it was as matter of fact for the years 1911 and 1912, would in no respect change the situation that the issues tendered by the pleading were met, and that appellant was bound to prove the affirmative issues so met. The contradiction or variance developed between appellee's sworn pleading and his evidence was, of course, a matter of comment for counsel and consideration by the jury, and bore upon the credibility of the witness and the weight to be given to his testimony, rather than the right of appellee to maintain at all his suit upon the oral contract.

[7] The next issue presented is the action of the court in admitting in evidence certain letters written by appellee to appellant and some written by appellant to appellee. In reference to this issue we have carefully examined the correspondence sought to be excluded, and, in our opinion, some of it is

highly self-serving, and some irrelevant. Other portions of the correspondence are, however, clearly admissible. The objection was made to the correspondence as a whole, save, perhaps, in one instance, but in that exception a portion of the particular letter was admissible as relevant. The rule in such cases is that the objector should in his objections to the admission of mixed relevant and irrelevant testimony separate the admissible evidence from that which is inadmissible, and unless he does so the admission of the irrelevant will not constitute reversible error. Railway Co. v. Gallaher, 79 Tex. 685, 15 S. W. 694; Railway Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894.

[8-10] J. C. Weaver, appellant's president, testified on direct and cross examination denying the execution of the oral contract alleged by appellee. On file in the cause was the deposition of A. C. Reed, formerly Weaver's stenographer, taken on behalf of appellee, in which Reed detailed a conversation he heard between appellee and Weaver which tended to support appellee's contention. The deposition was not used in evidence; Reed being present testifying in person. On cross-examination of Weaver counsel for appellee read the conversation as detailed by Reed in his deposition, and inquired of Weaver whether it as matter of fact occurred. The witness declared it did not. The proceeding related was objected to by counsel for appellant, and the contention is made that it was prejudicial to appellant, in that it was the means of presenting the testimony of the witness to the jury twice, once by deposition, and once orally, and hence gave same undue prominence. It is always "competent for a party to contradict his adversary's witness by showing the facts to be otherwise than as testified to by him, and thus discredit the witness." 40 Cyc. 2765. It is also proper and necessary to lay a predicate for the contradiction, and the statement taken from Reed's deposition was proper and correct as such predicate, and was not objectionable because wanting in essentials. While we do not approve the statement of counsel preceding putting the alleged conversation between Weaver and appellee that it was the statement of another witness, at the same time the impropriety is not, in our opinion, sufficient to warrant a reversal of the case. We would not be authorized in holding that the jury, because a witness was permitted to testify to the same fact twice, would for that reason alone accept his statement as true, notwithstanding another witness contradicted him on the issue to which he testified.

[11] The next and last issue arises upon the action of the court in admitting in evidence a letter by appellant to Murray Iron Works Company of Burlington, Iowa, inquiring concerning the capabilities of appellee, whom the inquiring company contemplated employing, and the answer of the latter thereto. It is unnecessary to set out the contents of the letter. Its purport as a whole may be said to be unfriendly towards appellee, and was sufficient to support a finding of the jury that Weaver was biased against appellee. Appellant earnestly maintains that it was irrelevant and prejudicial. It may have been prejudicial, but it occurs to us that it was not irrelevant. It is a settled rule that the bias or unfriendliness of a material witness towards a litigant may always be shown, since the existence of such a state of mind affects the weight to be given to the testimony of such witness. Wentworth v. Crawford, 11 Tex. 132; Evansich v. Railroad Co., 61 Tex. 27; Trinity Lumber Co. v. Denham, 88 Tex. 203, 30 S. W. 856; Cox v. M., K. & T. Ry. Co., 20 Tex. Civ. App. 250, 48 S. W. 745; Houston, etc., Ry. Co. v. McCarty, 40 Tex. Civ. App. 364, 89 S. W. 805; 40 Cyc. 2656.

[12] Further, appellant is not in a position to complain of the admission of the letter, for the reason that appellant proved its contents by its witness Weaver before it was offered by appellee. On cross-examination of Weaver counsel for appellee handed him the letter for identification. The witness identified the letter as one written by witness, its president, for appellant. Appellee did not then offer the letter in evidence. On redirect examination counsel drew from the witness orally the contents of the letter, together with the motives of the witness in writing it. Subsequently the letter was offered by appellee and admitted in evidence.

Finding no reversible error in the record, the judgment is affirmed.