ELLERD v. NEWCOM.    (No. 7974.)

(Court of Civil Appeals of Texas. Dallas. May 11, 1918.)

1. JUSTICES OF THE PEACE ⬦174(26)—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

In an action tried first in the justice court, and later, on appeal, in the county court, evidence as to a written contract was admissible, although written contract was not pleaded, no pleadings being required by statute in the justice court or on appeal in the county court.

2. JUSTICES OF THE PEACE ⬦174(23)—JUDGMENT—NOTICE TO DEFENDANT.

Where it is apparent, from a judgment for the plaintiff in the justice court, that it was founded on a written contract, such judgment shows that such contract must have been pleaded in that court, and is notice to the defendant, in an appeal action in the county court, that plaintiff is seeking to recover on a written contract.

3. PLEADING ⬦403(3)—DEFECTS—CURE BY PLEADINGS OF ADVERSE PARTY.

Where defendant's pleading denies the existence of a written contract, such denial raises the issue of whether such contract ever existed, although contract was not pleaded by plaintiff, and evidence tending to show whether it existed is competent.

4. CONTRACTS ⬦29—QUESTION FOR JURY—EXISTENCE OF CONTRACT.

Question of whether a certain written contract ever existed is for the jury.

5. APPEAL AND ERROR ⬦1050(4)—SECONDARY EVIDENCE—HARMLESS ERROR.

The introduction of a copy of a letter in evidence, without notice to produce the original, was harmless error, where such letter did not contradict evidence of the adverse party.

6. APPEAL AND ERROR ⬦1056(1) — HARMLESS ERROR—EXCLUSION OF EVIDENCE.

The refusal to permit a witness to testify that plaintiff did not effect a compromise in a lawsuit, if error, was harmless, where witness testified that he effected compromise through correspondence with the opposing attorney, such evidence excluding the idea of plaintiff assisting in the settlement.

7. CONTRACTS ⬦29 — EXECUTION — JURY QUESTION.

Where there is a material difference between the terms of a contract as testified to by plaintiff and as testified to by defendant, it was reversible error for the court to refuse to submit to jury the issue of whether contract as testified to by plaintiff was executed and delivered.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by W. J. Newcom against J. J. Ellerd and another. Judgment for plaintiff, and defendant named appeals. Reversed, and cause remanded.

Ellis P. House and Bern Wilson, both of Dallas, and Ocie Speer, of Ft. Worth, for appellant. Pierson & Thomas and Marcus M. Parks, all of Dallas, for appellee.

RAINEY, C. J. "W. J. Newcom filed suit in the justice's court, precinct No. 1, Dallas county, against J. J. Ellerd and Reuben M. Ellerd, to recover $200, the notation of the pleadings upon the justice's docket being: 'Suit upon debt for $200.00, of date ———, due ———, interest ——— per cent., attorney's fees ——— per cent.' The defendants answered by a plea of privilege to be sued in Hale county, Tex., the county of their residence, and otherwise joined issues. The plaintiff dismissed in the justice's court as to defendant R. M. Ellerd, and recovered judgment against defendant J. J. Ellerd for the amount sued for. The defendant J. J. Ellerd filed his appeal bond to the county court of Dallas county, at law. The record does not disclose any pleading by the plaintiff in the county court of Dallas county, at law, other than the pleadings in the justice court. The defendant filed an amended original answer, expressly subject to his plea of privilege, and, besides the general issue, pleaded non est factum and failure of consideration as to the instrument declared on. The case was submitted to a jury on special issues and judgment entered for the plaintiff against defendant and his bondsmen for the sum of $211, with interest." Defendant perfected appeal to this court.

The error assigned is taken from appellant's amended motion for new trial, which is as follows:

"The court erred in permitting plaintiff to testify, over the objection of defendant, that the defendant entered into a written contract with him (plaintiff), and that said contract had been lost; that said agreement was written on a small card, and that John H. Gaston and Charles O. Hodges and others saw agreement; that said agreement read as follows: 'I promise to pay W. J. Newcom $200.00 in the city of Dallas, if a certain lawsuit now pending between Ellerd Brothers and Charles O. Hodges is settled out of court. [Signed] J. J. Ellerd.' Defendant objected to the introduction of this testimony on the ground that no pleadings were filed alleging the execution of such a

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

contract by defendant, and no notice was given to defendant that plaintiff was seeking to recover on such a contract; that plaintiff's suit was not brought upon a written contract, but all of the pleadings filed in the case, including the citation served upon defendant, showed that plaintiff was seeking to recover on an open account for debt and not upon a written contract; that the evidence showed entirely new cause of action from the one brought in the justice court. That defendant had no notice that plaintiff was seeking to recover on a written contract such as testified to, and had no notice that plaintiff claimed to have lost said contract, no affidavit or written pleading having been filed putting defendant upon notice of the contents of said instrument, and that said instrument had been lost, as is required by law. Defendant further objected to said testimony for the reason that, if in truth and in fact such a contract had been executed, it showed upon its face that there was no consideration for the execution of same."

Under the foregoing assignment appellant presents two propositions as follows:

(1) "There was no pleading by the plaintiff alleging a written contract by defendant to pay in Dallas county, and the evidence objected to was therefore not admissible."   (2) "There being no written amendment to plaintiff's pleadings filed in the county court of Dallas county at law, setting forth the new matter relied on, that defendant had executed a written promise to pay plaintiff in Dallas county, the evidence objected to was not authorized by the pleading, and was therefore improperly admitted over defendant's objection."

[1, 2] Relative to the first proposition, we will say that under our statute written pleadings are not required in the justice court, and the same rule applies on an appeal to the county court. Such being the case, it was not necessary for appellee to plead whether his claim was evidenced by a written instrument or by parol. The judgment in the justice court shows that it was founded on a written contract, which shows that it must have been pleaded in that court. We conclude that appellee had notice of the contract sued on in the county court. Briggs-Weaver Co. v. Pratt, 184 S. W. 732.

[3, 4] As to the second proposition under this assignment, we think the testimony was properly admitted. The writing was lost. Its existence was denied by appellant, which raised the issue of it ever having existed and its contents. The testimony objected to was pertinent as a circumstance to show whether or not it did exist, and while the witness could not say that the signature was that of appellant, and could not identify it as having been written by him, it was for the jury to determine that fact. In other words, the evidence was competent, and the weight to be given to it is the only matter to be considered by the jury.

[5] The second assignment complains of the admission in evidence of a copy of a letter written by appellee to appellant, which in general terms refers to the money due him, and of placing him in an embarrassing position in submitting to Hodges a proposition of compromise and settlement between appellant and Hodges. The ground of objection is that no notice to produce the original had been given to appellant. While technically this is a good objection, we think, under the circumstances of this case, it was harmless and had no influence with the jury. The appellant swore to having given appellee a written contract for the payment of $200 if appellee effected a compromise of a suit between Hodges and appellant, but containing terms different from those sworn to by appellee, one of which was as to the place of payment of the contract. The letter does not mention the terms of the contract; therefore its admission was harmless.

[6] The third assignment complains of the court's refusal to admit the testimony of witness A. H. Carrigan to the effect that appellant had nothing to do with effecting a compromise of the suit between the Ellerds and appellee, and that he had nothing whatever to do with the settlement. The witness Carrigan was permitted to testify at length as to how the compromise and settlement was made; that he, as attorney for the Ellerds, and F. M. Etheridge, as attorney for Hodges, effected the settlement; that F. M. Etheridge wrote him a letter suggesting a compromise; that they took up the matter and effected a compromise. This testimony excludes the idea of appellant being present or assisting in the settlement; therefore the exclusion of the evidence complained of was harmless and was not prejudicial to appellant.

[7] The fourth assignment complains of the court's action in failing to submit to the jury the following issue: "Did the defendant J. J. Ellerd execute and deliver to the plaintiff, W. J. Newcom, the following written agreement: 'I agree to pay to W. J. Newcom $200.00 should he bring about a compromise of the Ellerds v. Hodges Case before court.'" Appellant submits this proposition: "Defendant's special issue No. 1 should have been given because the same pertinently and affirmatively presented defendant's version and theory, and such issue was nowhere submitted in the court's charge." There is a difference between the terms of the contract sworn to by appellee and that pleaded by appellant. The terms of the contract on which appellee sought to recover were embraced in an issue submitted to the jury, except as to whether or not the place of payment was embodied therein. These issues were sharply contested, and should have been submitted to the jury, which was not done by the court. The appellant having denied the contract as sworn to by appellee, and having pleaded a contract as set out as a defense of the contract mentioned, he was entitled to have the issue passed upon by the jury. This issue was raised by the appellee, and the court should have affirmatively presented it to the jury. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Pullman Co. v. Moise, 187 S. W.

249; Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125.

For the error indicated the judgment of the court below is reversed and the. cause remanded.