### ISAACS v. BARBER. (No. 7337.)

(Court of Civil Appeals of Texas. San Antonio. April 8, 1925.)

**1. Witnesses ⬅363(1.)—Testimony and answers to cross-interrogatories, showing deponent's close business relations with, and indebtedness to appellee, held reversible error.**

Exclusion of appellee's testimony and answers of another to cross-interrogatories, showing deponent's close business relations with, and indebtedness to, appellee, for whom he testified, *held* reversible error.

**2. Sales ⬅187—Interest eo nomine held not recoverable on balance due for lumber sold.**

Balance due for lumber sold *held* not debt on which interest, eo nomine, is recoverable, under Rev. St. art. 4978; transaction being isolated one, not one occurring in general course of dealing between parties.

**3. Appeal and error ⬅672—Judgment for interest without jury finding of right thereto held fundamental error.**

Inclusion in judgment of interest on balance due for lumber sold, without jury finding that plaintiff was entitled to interest, *held* fundamental error requiring reversal, though correctable by reforming judgment had it stood alone.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from County Court, Tarrant County; H. O. Gossett, Judge.

Action by A. C. Barber against B. K. Isaacs. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. E. Crowley, Smith, Blow & Culver, Phillips, Trammell & Chizum, and Evan S. McCord, all of Fort Worth, for appellant.

J. R. Black, of Fort Worth, for appellee.

SMITH, J. A. C. Barber sued B. K. Isaacs to recover the sum of $309.90, alleged to be the balance due upon a lumber bill. It appears that at the inception of the transaction Barber submitted an estimate of the lumber and material necessary to the construction of a house, amounting to $1,182, which estimate was accepted by Isaacs, who agreed in writing to "become responsible and to pay the same in 30, 60, and 90 days, in equal installments." As usual, the estimate fell short of the subsequently ascertained need of the project, and additional items, amounting, according to the jury's finding, to $247.02, were used to complete the building. It was Isaacs' contention that the debt was in fact incurred for W. D. Isaacs upon B. K. Isaacs' credit and that the latter did not authorize the extra expenditures. The cause was tried by a jury who found for Barber. Isaacs has appealed.

[1] The issue of whether Isaacs agreed to pay for the extra items was quite sharply contested; appellee relying largely upon one Schmidt, who testified for appellee at length and with apparently telling effect. His testimony was given by deposition, and among his answers to cross-interrogatories it was disclosed that this witness had for some time maintained close business relations with appellee, had owed him large sums, and was still indebted to him in a sum approximating $1,400. Upon appellee's objection, this testimony was excluded from the jury. This was error. The excluded testimony showed close business relations between the witness and appellee, and that the latter was largely indebted in a pecuniary way to appellee, in whose behalf he was testifying. Appellant had a right to show these relations between the witness and litigant so that the jury might have the facts before them when weighing his testimony and gauging his credibility. The jury might well have concluded that the witness was biased in favor of appellee; they might have concluded that his friendship for, and pecuniary obligation to, appellee was such as to consciously or unconsciously color his testimony, and thus impair its weight. The facts elicited and excluded were legitimate subjects of cross-examination, and, as appellee's case depended largely on the testimony of this witness, we cannot say, or even surmise, that the exclusion of the testimony did not affect the jury's

finding. Evansich v. Railway, 61 Tex. 27; Cox v. Railway, 20 Tex. Civ. App. 250, 48 S. W. 745; Payne v. Bannon (Tex. Civ. App.) 238 S. W. 701. For the same reasons the testimony of appellee himself, showing Schmidt's relations to him, should not have been excluded. Appellant's fourth and fifth propositions must be sustained, and the judgment reversed.

[2, 3] The jury did not find that appellee was entitled to recover accrued interest on the unpaid balance of the alleged debt; but the court nevertheless rendered judgment for such interest. This was error. This was not that character of debt for which the statute provides for interest eo nomine. Article 4978, R. S. It was one isolated transaction, and not one occurring in a general course of dealing between the parties. McDaniel v. Laundry (Tex. Com. App.) 244 S. W. 135; Bixler v. Dolieve (Tex. Civ. App.) 220 S. W. 148. Appellant's first proposition, in which this question is presented, will be sustained. The error is fundamental. If it stood alone in the appeal it would not warrant a reversal of the cause, but could be corrected by reforming the judgment.

The matters complained of by appellant in his second and third propositions will probably not arise upon another trial, and need not be decided, but the remaining assignments, the sixth, seventh, eighth, and ninth, are deemed without merit, and will be overruled.

The judgment is reversed, and the cause remanded.