## HEADSTREAM v. MANGUM.

### No. 5569.

Court of Civil Appeals of Texas. Amarillo.

Oct. 4, 1943.

R. L. Graves and H. B. Virgil Crawford, both of Brownfield, for appellant.

Lawrence L. Barber, of Seagraves, for appellee.

PITTS, Chief Justice.

W. R. Mangum, appellee, filed this suit in the Justice Court of Precinct No. 1 of Terry County, alleging damages in the sum of $185 against Rex Headstream, appellant. From a judgment for appellee in the sum of $125 in justice court an appeal was duly perfected to the County Court of Terry County where the case was tried before a jury and resulted in a verdict and judgment for appellee in the sum of $125, from which judgment an appeal was duly perfected to this court.

This case has been before this court twice before as reported in 129 S.W.2d 1155 and 149 S.W.2d 625, but we are not concerned here with the matters involved in the former appeals, neither of which involved the merits of the case.

The record discloses that the suit grew out of a collision between a wagon and team driven by appellee upon a paved highway soon after dark at night and an automobile driven in the opposite direction on said highway by appellant when appellee's mare hitched to the wagon on the side next to the said automobile was killed and certain damages were done to the wagon and harness owned by appellee.

Appellee alleged certain acts of negligence on the part of appellant as the proximate cause of the injuries complained of and appellant answered with a general de-

nial and alleged certain acts of contributory negligence on the part of appellee, one of which was that appellee was driving his team and wagon upon State Highway No. 51 near the center of the highway after dark and in violation of the criminal laws of the State of Texas in that he did not have his wagon equipped with lights or reflectors as the law provides.

In response to special issues submitted by the trial court the jury found that appellant was operating his automobile at the time and place of the collision in a negligent manner which proximately caused the injuries of which appellee complained; that appellee was not operating his team and wagon in a negligent manner at the time and place of the collision; that the collision was not unavoidable and they awarded damages to appellee in the sum of $125.

Appellant complains because the trial court submitted special issue No. 4A to the jury and complains further about the negative answer the jury gave to said special issue No. 4A and further complains that the jury gave no answer to special issue No. 4B without a negative answer to which appellee was not entitled to recover anything.

Special issues Nos. 4A and 4B complained of are as follows, to-wit:

"Special Issue No. 4A: Do you find from a preponderance of the evidence, that at the time and place the accident occurred, that the plaintiff was operating his team and wagon on a public highway after dark without being properly equipped with reflectors visable under normal conditions for not less than 500 feet?

"We answer no."

"Special Issue No. 4B: If you have answered Special Issue No. 4A 'Yes' then answer the following special issue, but if you have answered the same 'No' then do not answer the following issue:

"Do you find from a preponderance of the evidence that by reason of the fact that the plaintiff did not have reflectors on his wagon contributed to the accident?"

No answer given by jury.

■ Appellee did not file a brief with this court and we have only the advantages of appellant's brief which we may accept as reflecting correctly the facts and record in the case since they are not challenged by appellee. Rule 419, Texas Rules of Civil Procedure; Rogers v. Dickson, Tex.

Civ.App., 157 S.W.2d 404; Heckert v. American Casualty Co., Tex.Civ.App., 129 S.W.2d 424 and Texas Jurisprudence Supplement (1942) Appeal and Error Civil Cases, section 650, page 101.

Appellant contends that the trial court erred in the submission of special issue No. 4A to the jury since the uncontradicted evidence shows that appellee was driving his team and wagon upon public highway No. 51 after dark without having his wagon equipped with lights or reflectors as required by law and that because of such failure it was the duty of the trial court to charge the jury that appellee was guilty of negligence per se.

The record discloses that the collision occurred on October 31, 1935 on Texas State Highway No. 51 and all the witnesses testified that it occurred after dark, some of them fixing the hour as late as eight o'clock P. M. Appellee testified in part as follows: "At the time of the accident I did not have any kind of lights on my wagon and I did not have any reflectors of any kind or other clearance lights or reflectors. As I stated before, it was about dusk and the moon was shining bright and the defendant should have been able to see me. Just prior to the accident I saw the lights of other automobiles coming down the road toward me. At the time of the accident there was only one light burning on defendant's car."

Article 827a, sec. 9, of Vernon's Ann. Penal Code is in part as follows: "All vehicles not heretofore by law required to be equipped with specified lighted lamps shall carry one or more lighted lamps or lanterns displaying a white light visible under normal atmospheric conditions from a distance of not less than five hundred (500) feet to the front of such vehicle and displaying a red or yellow light visible under like conditions from a distance of not less than five hundred (500) feet to the rear of such vehicle, which light shall be kept lighted while the vehicle is upon a highway from one-half hour after sunset to one-half hour before sunrise. Provided, however, that vehicles drawn by animal power may in lieu of such lamps or lanterns be equipped with adequate reflectors."

Sections 9-b and 15 of the same article provide a penalty for those who violate the act.

■ It is our opinion that appellee's own testimony shows he was violating article 827a, sec. 9 of the Penal Code, which convicts him of negligence as a matter of law and nothing remained for the determination of the jury but the question of whether or not such negligence at such time and place and under the attending circumstances was a proximate cause of the collision which, concurring with the negligence of appellant, resulted in appellee's injuries. Herman Hale Lumber Co. v. Belser, Tex.Civ.App., 30 S.W.2d 409, affirmed by Supreme Court 41 S.W.2d 208; Davis v. Estes, Tex.Com.App., 44 S.W.2d 952; West Texas Coaches, Inc., v. Madi, Tex.Civ.App., 15 S.W.2d 170, affirmed by Supreme Court 26 S.W.2d 199; Moss v. Koetter, Tex.Civ.App., 249 S.W. 259; Hines v. Foreman et ux., Tex.Com.App., 243 S.W. 479; Carvel v. Kusel, Tex.Civ.App., 205 S. W. 941, and Flores v. Garcia, Tex.Civ.App., 226 S.W. 743.

Certainly, the evidence did not support the negative answer given by the jury to special issue No. 4A and, under the above and numerous other authorities, the jury's answer to said special issue must be set aside and appellant's assignment of error sustained.

■ Rules 277 and 279, Texas Rules of Civil Procedure, superseding articles 2189 and 2190, Vernon's Revised Civil Statutes, require the trial judge to submit to the jury all controlling issues tendered by either side that are raised by the pleadings and the evidence. And the trial court must require the jury to answer such controlling issues before rendering judgment on the jury verdict. A judgment entered without findings of fact on all the controlling issues is fundamental error requiring reversal even without formal assignments. Compania Bancaria y de Inversiones, S. A. et al. v. Border Nat. Bank et al., Tex.Civ. App., 265 S.W. 599; Isaacs v. Barber, Tex. Civ.App., 271 S.W. 142; Nalle et al. v. Eaves et al., Tex.Civ.App., 298 S.W. 447 and 3 Tex.Jur. par. 803, pages 1141, 1142.

■ Since appellant alleged contributory negligence and since the evidence raised the issue it was fundamental error for the trial judge to accept the jury verdict and render judgment for appellee without a negative jury finding to special issue No. 4B.

Because of the errors cited above the judgment of the trial court is reversed and the cause remanded.