## Fairchild *v.* Beach.

In the Court below,

JOHN FAIRCHILD, *Plaintiff;* JOHN BEACH, DANIEL BURR, jun. CYRUS BURR, DAVID BURR, and CYRENUS HARD, *Defendants.*

A person interested in the question on trial, but not in the event of the suit, may be a witness.

THIS was an action on the case, stating, that the defendants proposed to sell to the plaintiff, and *Elias Glover,* and others, a quantity of land, in the County of Russell, in the State of Virginia ; and it was afterwards agreed, that part of the land should be taken in the County of Shanhaway. The defendants affirmed to the plaintiff, that *Beach* had a good title to the land, and that the same was of a good quality. Several persons combined, and entered into an agreement, with the defendants to become purchasers, merely as decoys, to induce the plaintiff and others to purchase. The patents were to be procured from the governor of Virginia, and were, in fact, procured, and delivered to the plaintiff and others. Nevertheless, *Beach* had no title ; the land was of a bad quality ; and the plaintiff was injured, and defrauded, &c.

A special plea was given to part of this declaration, and the general issue to the remainder. The jury found a verdict for the defendants, upon both issues.

On the trial, *Elias Glover,* one of the real purchasers, was offered by the plaintiff, as a witness, he having commenced a suit, and recovered judgment against part of the defendants for the same fraud, as stated in the present declaration, but upon different pleadings. The defendants objected to his evidence, on the ground, that he was interested in the question ; for should they

prevail in this case, they might, and would, bring a petition for a new trial, in that. The Court refused to admit him as a witness. To this opinion a bill of exceptions was filed. (a)

*Smith*, (of Woodbury) for the plaintiff in error.

*Elias Glover*, a purchaser of some of this land, who had brought a suit and recovered, and, consequently, was no longer interested, was excluded from testifying. And the reason assigned was, the other party might bring a petition for a new trial. So long as the case was *pending* there might have existed an interest ; but when it was decided, there could be none. It is always in the power of a party to say, that he may, and shall, bring suits against a witness, whom he wishes to exclude. But it would be no ground for a new trial, in the case of *Glover*, that the defendants had succeeded in this case.

But, admitting that *Glover* was interested ; still he ought not to have been excluded. The Superior Court have, indeed, determined, that interest in the question shall prevent a person from testifying. But that point has never been determined by this Court. The question was much agitated in England, and contradictory decisions were had ; but it was finally *settled*, in the case of *Bent* v. *Baker*, (b) that those only who are interested in the *event* of the suit, shall be inadmissible. This rule has since been uniformly adhered to, in the courts of Westminster, (c) and is the rule in the courts of the United States.

(a) There were several other exceptions taken ; but these are omitted, and the arguments upon them, as the judgment of the Court was founded wholly on this point.

(b) 3 *Term Rep.* 27.        (c) 7 *Term Rep.* 60.

HARVARD LAW SCHOOL LIBRARY.

*Edwards*, (of New-Haven) and *Daggett*, for the defendants in error.

*Glover's* action has been tried; another similar to it, depending upon the same facts, is now on trial. Had not *Glover's* case been tried, he could not have been a witness, though he had brought no action.

It is said, that an interest in the question will not exclude a witness in Great-Britain. The rule there is, if the witness is to be *ultimately benefited* by the decision, he is not admissible ; or if he claims in the same right as the party on trial, he cannot be admitted. (*d*)   In the commentary of *Espinasse* upon the case of *Bent* v. *Baker*, (*e*) the principal reason given for the exclusion of the witness is, that he should not be permitted, by *making himself interested*, to deprive the party of his testimony.   Here, the witness claims under the same deed, as the plaintiff ; no case can be stronger as to his interest.

But, it is said, *Glover* has obtained a judgment. Suppose three persons claim to have been defrauded, and bring three separate actions, and have no evidence but the testimony of each other. The first case is lost, because there is no evidence to support it.   Then, upon the principles contended for, that man becomes a witness for the others ; and when *they* have obtained their causes, by *his testimony*, *the first* may, upon a petition for a new trial, support *his case*, by *their testimony*.   The Court will never say, that one claiming on account of a fraud done him, shall recover, and another shall not. Such inconsistency would disgrace a court of justice. The Court would, therefore, grant a new trial ; and *Ed-*

(*d*) *Esp. Dig.* 706.                    (*e*) *Id.* 714.

as *Glover* must be considered as standing on the same ground, as he did, before his case was tried.

*Smith*, in reply to the cases cited from *Espinasse's Digest*, remarked, that they were all decided anterior to *Bent* v. *Baker*.

The judgment of the Superior Court was reversed. There being another case (*f*) decided by the Court, at this term, upon the same principle, the reasons, which were equally applicable to both, were subjoined to the latter.