11 127
88 207

## WENTWORTH v. CRAWFORD AND OTHERS.

In order to exclude a witness, on the ground of interest, his interest must be direct and certain, in the event of the suit; or the verdict and judgment must be admissible evidence either for or against him in another action; a remote or contingent interest, or an interest in the same question, is not sufficient.

The constant tendency of Courts has been, to go as far as possible in removing objections to the competency of witnesses; hence, if there is a doubt as to such interest being established as to exclude the evidence, the evidence is admitted, leaving it for the jury to say how far the circumstances impair the credit of the witness.

An *ex parte* award of appraisers is not admissible in evidence.

A cross examination is not confined to the questions propounded and answered on the examination in chief; but any questions may be asked, which are pertinent to the questions to be decided by the jury; and any fact, which shows a bias on the part of a witness of the other party, is admissible whether the same be offered in cross examination or in chief.

Appeal from Bexar.

*Vanderlip & Jones* and *Denison*, for appellant.

*Wilson & Quinan* and *I. A. & G. W. Paschal*, for appellees.

LIPSCOMB, J. This suit was brought to recover damages for an alleged trespass in causing the property of the appellant to be levied upon and seized under an attachment sued out against the property of one Coons. The appellant claimed the property, as purchaser for a valuable consideration, from Coons, before the issue of the attachment. It was alleged that the property, when levied upon and seized, was in the possession of the appellant. There was a verdict and judgment for the defendants, and a motion for a new trial made by the plaintiff, and overruled by the Court, and an appeal taken. The appellant's assignment of errors embraces various rulings of the Court in the progress of the trial: we propose to notice only such as are deemed material.

The plaintiff relied on a bill of sale, that for the purpose of convenience and the better understanding the evidence objected to and excluded, is here inserted, i. e.: " Know all men " by these presents, that I, Benjamin F. Coons, have this day, " October 22nd, 1850, sold, transferred and conveyed, and " do hereby sell, transfer and convey, to George Wentworth, " twelve wagons, together with all the outfit accompanying " the same, also one hundred and thirty-six mules, and the " harness for the same. In consideration of which, the said " Wentworth hereby agrees and promises to pay unto Messrs. " Davis, Tilden & Richards, of Saint Louis, the sum of three " thousand dollars and — cents, also he further agrees to pay " unto Mary Coons, of Saint Louis, the sum of three thousand " dollars and — cents, both of which amounts I am justly in- " debted to the said persons, but for which amounts the said " Wentworth now becomes responsible, and in every respect " promises to relieve me from the obligation heretofore resting " upon me, to pay so much of said debts. The above pay- " ments, thus assumed by the said Wentworth for said Coons, " to be made so soon as the wagons shall go to San Antonio, " Texas, and return to this place. Signed at Franklin, Texas, " this twenty-second day of October, A. D., 1850. (Signed) " Ben. F. Coons. [L. S.] (And another scrawl of like form " below the former.) Witnesses, Jno. Fristoe; Charles Phil- " lippi." It is not signed by the plaintiff Wentworth. In the progress of the trial, the plaintiff, to support the consideration and good faith of the bill of sale, offered to read in evidence to the jury, the testimony, taken by interrogatories under a commission, of Davis, Tilden & Richards and of Mary Coons. The testimony was objected to by the defendants' counsel, upon the ground that they were interested witnesses, in the result of the suit; and the objection was sustained by the Court.

The distinction between the competency, and the credibility of evidence, was, at one time, very unsettled in the English Courts, and seemed to have been left very much to the discretion of the Judges; and sometimes evidence was declar-

Wentworth  v.  Crawford.

ed to be incompetent, because the witness was interested in the same question in another case, though not directly or indirectly in the suit in which he was called upon to give evidence, and the verdict and judgment could not be used in his favor nor against him ; and sometimes it was ruled that a witness was not competent to swear, though without interest in the suit, upon some supposed ground of general policy, as was held by Lord Mansfield, Ch. J. King's Bench, in Walton v. Shelley, 1 Term R. 300, that one whose name appeared upon a bill or note, without any interest, was not a competent witness to invalidate that instrument, and was put by his Lordship upon the ground of public policy. In the case of Bent v. Baker, 3 Term R. 27, the subject was again discussed, and a more practical rule was laid down: that to exclude a witness, upon the ground of interest, it must be a direct and certain interest in the result of the suit, and he would be a gainer or looser by the verdict, and that it is not ground of objection, that he may have rights depending on a similar question. " So, where in an action for a fraud, the plaintiff " offered a witness who had a similar claim against the defend- " ants, for the same fraud, Fairchild v. Beach, 1 Day, 266 ; " and where a witness had been connected with the same fraud- " ulent acts, with the defendants, Phelps v. Winchell, 1 Day, " 269." The witness, in both cases, was held competent. The Court, referring to the previous cases in the Superior Court, where a contrary doctrine had been held, said that the error which had crept into practice, " was that of mistaking bias " for interest. In this case, the witness offered, was neither " to gain nor lose by the event of the suit. The verdict which " his testimony might have affected, could never have been " given in evidence for or against him." (Cowen & Hill's Notes, 1st Part, p. 90.)

In Virginia, in an action for the recovery of lands, the defendant offered to prove by two witnesses, the lines and corners by which he claimed ; and it was objected by the plaintiff, that the witnesses claimed land by the same lines and cor-

16

ners, and were therefore interested to establish them as true; but the Court of appeals held that they were not, by that circumstance disqualified, for the judgment in this case could not be evidence for them in any other suit in which they might be parties—they had an interest in the question only. (Richardson v. Carey, 2 Rand. R. 87.) "The interest must be certain, and a fixed legal interest, a certain benefit, in order to "disqualify a witness; (Stockholm v. Jones, 10 Johns. R.; "Marquand v. Webb, 16 Johns. R. 89;) a remote or contingent interest affects his credit only." (Cowen & Hill's Notes, Part II., p. 92, note 88.)

All the citations we have made, go to establish the true inquiry to be, when a witness is objected to as incompetent on the ground of interest, Has he a direct interest in this suit, not remote or contingent?

We will examine the evidence offered and rejected in this case, to determine if it was rightfully rejected, according to the uniform and settled doctrine on the subject of the competency of evidence. The evidence is too long for insertion here; we will only notice such portions of the evidence, that when applied to the cause of action, the defendants contend prove the interest of the witnesses. It will be recollected that these witnesses are the persons named in the bill of sale, as the creditors of Coons, the vendor to the plaintiff, and on which debts the plaintiff was to pay the two several sums specified in the bill of sale, i. e.: three thousand dollars to Davis, Tilden & Richards, and three thousand dollars to Mary Coons. The witnesses testify that they were creditors of Coons, to a large amount, much over the sum that the plaintiff undertook to pay them; they testify that the plaintiff was their agent, to collect their claims against Coons, and to do the best he could for them; they testify that he had informed them that he had arranged to secure the payment of the two several sums of three thousand dollars; that he had given his notes to them for that amount; and Davis, Tilden & Richards testify that they had given Coons credit for three thou-

sand dollars.   Davis swears that he should not, however, feel like exacting payment, if the plaintiff should fail to recover the property sued for, under his purchase from Coons, or to that effect.   The others all say that it would be due them from the plaintiff, whether he succeeded in this suit or not; and they all swear that they have no interest in the result of the suit. The defendants contend, however, that this evidence, when applied to the pretended contract of sale between Coons and plaintiff, establishes the interest of the witnesses, in this way, that the consideration of the notes given by the plaintiff, is the purchase of the property from Coons, and if Wentworth, the plaintiff, should fail in this suit, and the property which was the consideration on which the notes were founded, should be subjected to the satisfaction of the claim of Stith, on which the attachment was sued-out and that property attached and seized, that Wentworth could successfully defend himself against those notes, by pleading and proving this failure of consideration.   This reasoning, though good if used against the credibility of the witnesses, to show a bias, is not believed to be sound against their competency : because, first, the verdict in this case could not be offered in evidence against them, if such suit should be brought by them to recover the amount of the notes given by the plaintiff, they not being parties to the suit; again, if Wentworth fails in this suit, he may look to his vendor, and perhaps this would be his only legal redress. The interest, then, if any, would not be direct, in the suit; but it would be remote and contingent; which we have seen, does not render them incompetent; but the circumstances would only go to their credibility, to be weighed and determined by the jury.   The strongest objection, it would seem, was to the interest of Davis; but that would not go to his competency.   His feelings of generosity and indulgence to the plaintiff, in the supposed case of his failing in the suit, shows no obligation on his part, to exonerate him from the debt, but the bias of his feelings; and how far such bias would destroy his credit, was a question appertaining to the jury to decide.

The constant tendency of Courts has been, to go as far as possible, in removing the objection to the competency of witnesses, and letting such circumstances go to their credibility. Hence it is the rule, that if there is a doubt as to such interest being established as to exclude the evidence, to admit it, leaving the circumstances to the jury to determine how far such circumstances impair the credit of the witness. We believe, therefore, that the Court erred in ruling out the evidence of these witnesses, as incompetent.

On the propriety of the Court ruling out the evidence of the award of appraisers, and the certificate of the damage to the goods, at El Passo, we entertain no sort of doubt. That board, nor their certificate, is not recognized by any law known to this Court, in a case like the present. If the evidence of the damage to the goods could have been at all material in this suit, it should have been presented as all other evidence of facts, by competent witnesses, examined and sworn in open Court, or taken by deposition, under a commission, according to the provisions of the statute. The evidence was properly ruled out as inadmissible.

We believe that the refusal of the Court, to grant a continuance, applied for by plaintiff's attorney, was right, as the showing for a continuance, on the affidavit of the plaintiff, entirely fails to conform to the statute and the decisions of the Court, in a single essential part.

There is another error assigned; it is to the refusal of the Court to permit the plaintiff, on the cross examination of the defendants' witness Couch, to propound the following question: "Did witnesses Walker and Atkins, or either of "them, take and convert to their own use any portion of the "train?" It was refused upon the ground of its irrelevancy. The question, if taken in the abstract, would seem to have no connection or relevancy to the issue before the jury, and so would often appear the most pertinent question, and one calculated to exert the most decided influence on the jury in rendering a verdict. If, however, when taken in connection, with

other matter, it comes properly within the scope of the inquiry before the jury, it cannot, in such cases, be said to be an abstract, irrelevant question. It is the well settled doctrine of the Courts, founded on strong philosophical reasoning, that anything calculated to bias a witness, is proper testimony, to enable the jury to determine how his evidence can be relied upon. Now, as we have shown on another branch of this case, it does not render a witness incompetent, to be interested in a similar question, or that on some contingency, he may be interested in a similar question, but that such circumstances go to his credibility. The witnesses to whom the rejected questions refer, were witnesses for the defendants, to show that the property sued for (i. e.: the train) was not the property of the plaintiff. Now if the witnesses claimed a part of the same property, and had converted it to their own use, it did not go to their competency, but how far it was calculated to bias the mind in giving testimony, and impair its credibility, was for the jury to determine. We are aware that some dicta are to be found, from respectable names, that the cross examination must be confined to the questions propounded and answered on the examination in chief; but this is not believed to be the established doctrine on the subject. We believe that it is regular to ask a witness, on a cross examination, any question that may be pertinent to the questions to be decided by the jury; and that any fact, to show a bias on the evidence of the opposite party, is admissible, whether the same be offered by the examination in chief or cross examination. There was error, then, in rejecting the question propounded.

Having passed upon the material points presented by the record in this case, in conclusion, we believe, for the error in rejecting the testimony of the witnesses, on the ground of their supposed interest in the case, and also, in excluding the question propounded to Couch, the judgment of the Court must be reversed, and the cause remanded to the Court below.

Reversed and remanded.