PARKER et al. v. HARRELL. (No. 460.)

(Court of Civil Appeals of Texas. Beaumont. May 13, 1919. Rehearing Denied May 28, 1919.)

1. CONTINUANCE ⬢⇒25 — ABSENCE OF WITNESS.

Refusal of continuance for absence of witness is not error, where it appears that his testimony was not of a character that would have brought about a different result in the trial court.

2. APPEAL AND ERROR ⬢⇒544(1) — NECESSITY OF BILL OF EXCEPTIONS—CONTINUANCE.

Refusal of continuance because of absence of witness is not reviewable, in the absence of a bill of exceptions.

3. EVIDENCE ⬢⇒271(1), 317(3)—HEARSAY—ADMISSIBILITY.

In suit against operator of jitney and surety on his bond for injuries sustained by plaintiff while a passenger, when jitney collided with a street car, held that court did not err in refusing to strike out testimony of plaintiff's daughter that her father was complaining, on the ground that it was hearsay and self-serving, and not admissible for any purpose.

4. EVIDENCE ⬢⇒477(2)—OPINION EVIDENCE—RECOVERY FROM FORMER ACCIDENT.

In suit against operator of jitney for injuries sustained by plaintiff passenger in jitney when jitney collided with a street car, defense being that plaintiff's injuries were the result of prior accident, there was no error in permitting plaintiff's wife to testify that her husband had recovered from a former accident some two years before the accident in question.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by C. W. Harrell against G. J. Parker, the Motorcar Indemnity Exchange, and the Houston Electric Company. Plaintiff dismissed his cause against defendant last named, and from a judgment in his favor against the other defendants, they appeal. Affirmed.

A. B. Wilson and Baker, Botts, Parker & Garwood, all of Houston, for appellants.

Atkinson & Atkinson and Guy Graham, all of Houston, for appellee.

BROOKE, J. This suit was filed April 11, 1917, by C. A. Harrell against Houston Electric Company, G. J. Parker, and Motorcar Indemnity Exchange, for damages alleged to have been sustained May 7, 1917, by reason

of the collision of a jitney alleged to have been operated by defendant Parker with a street car, plaintiff alleging that he was a passenger in the jitney. Plaintiff alleged:

"When the automobile slid or skid along the back of defendant and along its rail, this plaintiff was thrown against the rear end of the street car with great force, and that the motion of the automobile caused the weight of his wife and daughter, who were sitting with him on the seat, to be thrown against him and to add to the force with which he struck the said street car; * * * that when he was impelled against the rear end of said street car he struck his head, his arm, his side, his hip, and his leg against said street car, and that he injured his head, his side, his arm, his leg and his back by the force of said collision, and that said injuries have crippled him so that he has been unable to walk and has been confined to his bed; that they have caused him intense pain and suffering, both on account of the injuries received and the shock of his injuries, and that he has been permanently injured by reason of the force with which he was thrown against the rear end of said street car, and will never recover therefrom."

Plaintiff sued Motorcar Indemnity Exchange, alleging that it had executed a bond as surety for the defendant Parker, as provided by the city ordinances of Houston.

Defendants Parker and Motorcar Indemnity Exchange filed a general demurrer and general denial, and that plaintiff's alleged injuries were the result of another accident, sustained prior to the injuries as alleged in plaintiff's petition.

Plaintiff dismissed his cause of action against the Houston Electric Company.

Defendant Parker et al. applied for a continuance, which was overruled; the court instructed the jury, and the jury returned a verdict in favor of plaintiff for $600 against the defendants Parker and Motorcar Indemnity Exchange, and judgment was entered accordingly.

[1, 2] Appellants' first assignment of error complains that the court erred in overruling defendants' motion for a continuance in this cause. The application for continuance has been set out in full in the brief. The grounds for continuance claimed were that suit was filed July 11, 1917; that a witness whose testimony was desired was in the service of the United States army; that he had left Harris county prior to service of citation in this suit; that defendants had no knowledge or belief that suit would be brought; that the witness left suddenly and unexpectedly, and promised to write to defendant Parker, but did not write to him; that defendant had learned of his departure for France through the newspapers; that he knew of his address, and would have his testimony upon the trial of this cause at the next term, and that he expected to prove by said witness that he was driving the automobile at the time of the alleged injury; that upon approaching the intersection of streets, and while in the rear of the street car, said automobile skidded, and the side of the automobile struck the rear end of the street car; that it did not strike the street car very forcibly; that plaintiff and two ladies were in the rear seat of the automobile; that they were not thrown from the seat or in any way displaced from the seat; that each of them stated to witness that they were not injured in the slightest, came to the city of Houston in said jitney, stated at the time that they left the jitney that they were not injured, refused to give the witness their names; that the jitney was not running fast at the time, but moving slowly; and that the defendants had no other witness by whom said testimony could be offered, and if granted a continuance they expected to have the testimony at the next term of the court, and would exercise every degree of diligence to obtain the deposition of said witness at the trial of the cause at the next term, and that the application was not made for delay only, but that justice may be done. The application was duly sworn to. The trouble with this application is that there was no bill of exceptions preserved or shown in the record. From the record it is apparent to this court, even though there had been a bill of exceptions to the action of the court, the testimony was not of such character as would have brought about a different result from that obtained in the trial court on the instant appeal. Therefore, we cannot consider the assignment of error.

The second assignment of error complains: (1) The verdict of the jury and the judgment of the court are unsupported by the evidence in this cause; and (2) the verdict of the jury is against the great weight and preponderance of the evidence in this cause. Suffice it to say that this court is not of such an opinion, and, on the contrary, is of the opinion that the record fully establishes the judgment which the court entered in said cause. Therefore this assignment is overruled.

[3] The third assignment of error complains that the court erred in refusing to strike out the statements of Miss Lola Harrell that her father was complaining, upon motion duly filed by defendants, as shown by defendants' bill of exception No. 5, on the ground that said testimony was hearsay and self-serving, and not admissible as evidence in this cause for any purpose.

From the statement of facts, in so far as it relates to the testimony complained of, it is as follows:

"No complaint was made at that time by any one about being hurt; only I asked my father was he hurt, and he says, 'Yes; I am hurt a little bit, but I hope not much.' My father did not say anything much about being hurt until after we got home, and we came on to court, and the case was postponed, and when we got

ready to go home he said he was hurt. I do not know how long it was before we got home; it was not so awfully long. We came up to the courthouse, and it was postponed, and we went straight home as soon as we could get a jitney. We kinda hurried to get home because papa said he was feeling bad."

This appears to be the matter complained of in the bill of exception. From this record, we are not advised of anything else said by the daughter in the way of her father making a complaint. The error, under the rules, should be distinctly and specifically called to the attention of the court in the motion for new trial, and, viewing the matter in the most favorable light for the complainant, we are of opinion that no error was committed, and the assignment is overruled.

[4] The fourth and fifth assignments complain: (a) The court erred in overruling the defendants' objection to the testimony of Mrs. C. W. Harrell, in substance and effect that the plaintiff had fully recovered from his former accident and injury, same being a conclusion of the witness; and (b) the court erred in refusing to sustain the defendants' objection to the testimony of Mrs. C. W. Harrell that the plaintiff had fully recovered from his former accident and injury, same being the conclusion of the witness; (c) the court erred in overruling the defendants' objection to the testimony of Mrs. Harrell and permitting said Mrs. Harrell to testify that Mr. Harrell complained of suffering, because said testimony was hearsay and self-serving, as shown by defendants' bill of exception. Under the fourth assignment, appellee submits the following as a proposition:

"It is not hearsay, and it is not the conclusion of a witness, but a statement of fact that a party to the litigation was well at the time of the accident."

Mrs. Harrell's testimony was that her husband had recovered from a former accident some two years before he was injured in the accident in controversy. The record shows that no question on direct examination was asked Mrs. Harrell as to her husband's declaration about his injuries in the accident in controversy; but she testified on cross-examination by appellants' attorney, as follows:

"He complained of his head, of his whole head. He was hit on the right side of his head; his head struck the street car. He was not thrown out of the automobile; his head was slammed against the side like that, that part of the street car that is cased in with tin or whatever you call it. His back and head is what he complained with, no other place."

An examination of the record shows that no error was committed by the court in the matters complained of. Therefore these assignments are overruled.

In our opinion, the case was tried fairly and impartially, and the appellants have gotten the benefit of every right that should be accorded them. Therefore the judgment of the trial court is in all things affirmed.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes