**LUCEY v. DEDMAN et al.** (No. 9298.)

Court of Civil Appeals of Texas. Galveston. Oct. 10, 1929.

Rehearing Denied Nov. 7, 1929.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Fouts, Amerman, Patterson & Moore, of Houston, for appellees.

GRAVES, J. While no written opinion is required of this court in this cause, in deference to the able work of counsel for both sides, the grounds of its judgment will be thus briefly outlined:

Appellant sued the appellee for $750 damages to four oil well drums, which he alleged he had delivered to him, "with instructions that the same be repaired, said repairs to consist of the cutting down and smoothing of the surface or outer lining on the brake flange so as to remove all unnecessary roughness and to true up the brake surface or outer lining so as to insure a better fitting and working of the brakes on said flanges. * * *

"Upon delivery of the drums the plaintiff instructed the defendant and his machinist as to the manner and as to the purpose for which the drums were to be used, as well as instructing the defendant and his machinist as to the manner in which the work should be done and the things which should be done."

He charged that this contract had not only been wholly breached, in that the brake surface of none of the drums had been "trued up" as agreed, but that appellee had so negligently, unskillfully, and improperly worked upon them as to entirely ruin one by cutting it down too thin, and to materially injure the others by leaving them so rough and irregular as to be unfit for the purpose intended, all to appellant's damage in the sum stated.

The appellee answered that he had agreed to "true up" the brake surfaces and turn the shafts to 5⅞ inches, and that he had performed his contract.

The undisputed proof showed that to "true or turn up the brake surface of the drum" meant "to smooth the surface down to its lowest point on the face of the drum," and that both parties to this transaction knew about and understood such definite meaning of the terms they used; on the coming in of these conditions, evidencing that there had been an express understanding between the litigants as to everything to be done, the learned trial court submitted the cause to the jury on special issues embodying that theory, the controlling one being this:

"Did the defendant, H. W. Dedman, do the work on the drums in accordance with his contract with the plaintiff?

"Answer 'He did' or 'He did not,' as you may find the fact to be."

Other inquiries as to the market value of the drums under given conditions were propounded, contingent on a negative answer being returned to that quoted, as well as one asking how many boxes appellant had ordered of appellee.

The jury answered the copied question by finding "he did," whereupon judgment that appellant take nothing on his suit, and that appellee recover on his cross-action for the value of his labor on the drums and for the boxes he had furnished, followed.

Appellant's main contention in this court is that reversible error was committed below in the refusal of his requested special issues seeking to elicit findings as to whether or not the appellee, in the circumstances here, impliedly warranted that he would "true up" the brake drums in a skillful and workmanlike manner, and that they would then be fit to be used for the purpose intended.

■ In view of what has already appeared, this theory of an implied warranty was inapplicable in the circumstances, an express contract to do everything undertaken, inclusive of specific instructions as to the method of doing it, having been specifically declared upon under undisputed proof that both must have so understood it, thereby excluding any such implications; in such a case the drums were either "trued up" as a fact, or they were not, hence the question submitted covered the whole issue properly raised, and, there being no question as to the sufficiency of the evidence to sustain the jury's affirmative answer to it, that ended the matter. 13 Corpus Juris, p. 560; F. J. Skalsky v. C. G.

Johnson, 138 Minn. 275, 164 N. W. 978, L. R. A. 1918A, 1084; Wisconsin Red Pressed Brick Co. v. Hood, 54 Minn. 543, 56 N. W. 165.

The applicable rule of law is thus tersely stated in the citation from Corpus Juris, vol. 13, p. 560:

"But where the work is to be undertaken under the direction of certain plans and specifications furnished by the other party, no warranty of fitness for intended use will be implied."

Neither, we think, do any of the other assignments that require consideration disclose reversible error. It was not improper to permit the defendant on cross-examination to question the plaintiff on matters involved in former's cross-action against the latter growing out of the same transaction as was complained of in plaintiff's suit. Evansich v. Railroad Company, 61 Tex. 24; Wentworth v. Crawford, 11 Tex. 133.

Nothing is presented for review here with reference to the admission of the letter from defendant to plaintiff of August 12, 1927, since the bill of exceptions as qualified by the trial judge, which this court must in the circumstances take as it comes here—there being no attack made upon it—shows that no ground of objection whatever to the letter was made at the time.

Irrespective of whether or not it is properly presented here, no possible harm could have followed the challenged remark of appellee's counsel to the jury that an affirmative answer to the one controlling issue given by the court would end the plaintiff's lawsuit, because that was obvious in any event; furthermore, the court promptly instructed the jury to disregard the statement, and nothing whatever is shown even tending to indicate resulting prejudice.

It appearing to this court that a jury's arbitrament, under a fair trial, settled the controversy, the judgment based thereon will be affirmed.

Affirmed.