### JAMES v. FLIPPEN.

### No. 3332.

Court of Civil Appeals of Texas. Beaumont.

Dec. 8, 1938.

David E. O'Fiel, of Beaumont, for appellant.

Smith, Smith & Boyd, of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action in the County Court of Jefferson County, at law, by appellant, J. E. James, against appellee, Mrs. Bessie Flippen, individually, and as administratrix of the estate of H. G. Flippin, decd., to recover a balance of $92.50 alleged to be due on a promissory note executed by the deceased to appellant, and to foreclose an equitable chattel mortgage lien upon an automobile. On the issues made by the pleadings, the jury found that nothing was due upon the note sued upon, and that the deceased had not promised to execute to appellant a chattel mortgage upon the automobile. Other issues were submitted to the jury, but they are immaterial on the questions presented by the appeal. On the verdict, judgment was entered against appellant that he recover nothing, and in favor of appellee that she go hence without day and recover her costs.

██ We overrule appellant's assignment that the verdict of the jury was without support in the evidence, and against all the evidence. Appellant testified affirmatively that the balance due on the note was $92.50, and appellee offered no testimony in rebuttal. But the jury was not required to accept as true appellant's testimony; it heard him testify, and noted the conflicts in his testimony on other points. It was the prerogative of the jury to refuse to accept as true anything and everything testified to by appellant.

██ Appellant's assignment against the argument of appellee's counsel does not show error. The objection was to the argument as a whole—that portion of it brought forward in the assignment of error. Some of the argument brought forward in the assignment was clearly not erroneous; it was a fair discussion of the evidence before the jury, and of the deductions to be drawn therefrom. The general rule is that, where a part of the argument complained of is permissible and a part of it objectionable, the complaining party should point out and direct the attention of the trial court to the part complained of. McClure v. Fall, Tex.Civ.App., 42 S.W.2d 821, affirmed Tex.Com.App., 67 S.W.2d 231; Ferguson v. Fain, Tex.Civ.

App., 164 S.W. 1040; Magnolia Pipe Line Company v. Leach, Tex.Civ.App., 17 S.W. 2d 471.

The judgment of the lower court is in all things affirmed.