## HOUSTON FIRE & CASUALTY INS. CO. v. FORD.
### No. 6537.

Court of Civil Appeals of Texas. Texarkana.
June 7, 1951.

Rehearing Denied June 28, 1951.

**160**

Strasburger, Price, Holland, Kelton & Miller, Dallas, Guinn & Guinn, Rusk, for appellant.

Fulmer & Fairchild, Nacogdoches, for appellee.

LINCOLN, Justice.

This is a compensation case. The jury found total disability for 200 weeks at the compensation rate of $24.23 per week and judgment was entered accordingly. Hence this appeal. Eight of the ten points of error presented on this appeal are directed against arguments of appellee's counsel, Mr. Fulmer.

The bill of exception reveals that Mr. Fulmer opened the argument for appellee with a few preliminary remarks, among which he said that "we have done the best we can and what we have to say merely should be to sum up what has already happened." He then proceeded with the following remarks: "You have a set of facts that will control in your mind and nothing I say or opposing counsel says should influence you unless we enlighten you on some. * * * Any good lawyer who prepares his case knows more about the facts before he starts than the jury when it is over. Everything the jury heard. He prepares his case and no doubt he picks up evidence on the outside of the record that you never heard of." Thereupon Mr. Strasburger, attorney for appellant, objected to the remark "no doubt he picks up outside the record." The objection was overruled.

We do not think any portion of the foregoing argument was improper. They appear to be merely introductory statements of counsel entering into the argument on the issues submitted. His telling the jury that the facts in evidence should control their deliberations and that nothing counsel on either side says should influence them unless they are of an enlightening nature would negative any intention on the part of Mr. Fulmer to go outside the record. When he said that any good lawyer who prepares his case picks up evidence outside the record that the jury never heard of, he was, perhaps, making a useless, but nevertheless, a harmless remark. The statement would apply equally to counsel for both sides and we do not see how a jury would reasonably interpret the statement as beneficial to one and detrimental to the other. It will be observed that no part of the foregoing remarks were objected to except that specifically indicated.

Immediately following, however, Mr. Fulmer withdrew the remark objected to and undertook to explain that what he meant was that the court in ruling on evidence does not admit everything offered to them. He, Mr. Fulmer, might have his opinion about it. Mr. Strasburger thereupon objected to counsel basing his opinion on evidence that was not admitted, and moved that it be stricken. The court thereupon instructed the jury to "take the evidence heard."

Mr. Fulmer then said, evidently addressing the jury, "based upon what you

heard. I have a different conclusion." There was no objection to this last remark. Appellant takes the position that Mr. Fulmer was telling the jury he had evidence outside the record which supported appellee's case, but we are unable to add such innuendoes to Mr. Fulmer's remarks. Mr. Fulmer did not tell what was his opinion, he merely stated that he had one. It could hardly be presumed that an attorney in a case would not have an opinion, and we think that would be nothing new to any jury in this country. He did not urge the jury to take his opinion as evidence, but said that his conclusions were based upon what the jury had heard. The court's instruction to the jury to "take the evidence heard" was sufficient to cure any error resulting from the argument. We overrule appellant's first point of error.

The second point urges error in the following remarks by Mr. Fulmer:

"You can appreciate I am interested. You know Mr. Fairchild and me are going to receive one-third of the judgment you render. It has been proved and I think you will agree where work has been done, you have to go on to the other."

Appellant objected to these remarks and moved that they be stricken and that the jury be instructed not to consider them. The bill of exception shows that the court made no ruling and that there was no further request on the part of appellant. R.S. of Texas, Art. 8306, Sec. 7d, Vernon's Ann. Civ.St. art. 8306, § 7d, authorizes a compensation claimant to contract with his attorney for an attorney's fee not to exceed one-third of the amount recovered. Said statute further provides that the fee shall be fixed and allowed by the trial court, in which the matter may be heard and determined; that in fixing and allowing the attorney's fee the court must take into consideration the benefit accruing to the beneficiary as a result of such services. It is necessary that the plaintiff's pleading make proper allegations regarding the attorney's fees, and it is not error to read such portion of the pleading to the jury. Employers Liability Assurance Corp. v. Sims, Tex.Civ.

App., 67 S.W.2d 445, error refused. Before the court may pass upon the issue evidence is required. Evidence was admitted without objection showing the character of services rendered by appellee's counsel and that his attorneys would receive as their fee one-third of the total recovery. The appellee made allegations and facts were in evidence upon the issue of a lump sum recovery. The issue was submitted to the jury and the jury answered favorably to appellee thereon. Telling jurors what they already know cannot be harmful. 41 Tex. Jur., p. 1206; Lloyds Casualty Co. v. Grilliett, Tex.Civ.App., 64 S.W.2d 1005, writ refused; Lucey v. Dedman, Tex.Civ.App., 21 S.W.2d 546, writ dismissed; Ft. Worth & D. C. Ry. Co. v. Kiel, Tex.Civ.App., 195 S.W.2d 405, error refused n. r. e. The point presented by appellant does not consider these phases of the question. The ground appellant urges is that the argument was an appeal to the jury to give appellee a liberal verdict because his attorneys were going to get one-third of it. That they were to get that portion was obvious in the statement, as it was in the pleadings and the evidence. But the remark was also a frank admission of Fulmer that he had a personal interest in the case, thus leaving the way open for the jury to discount anything he might say. Appellant also urges that "Nothing is better settled in Texas than that it is improper to inject the question of attorney's fees into a case," and cites White Cabs et al. v. Moore, 146 Tex. 101, 203 S.W.2d 200. The case is not in point, because it had to do with a suit for damages arising under the common law action for negligence, a rule that could be supported by many decisions. But this case appears rather to be ruled by King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855. The second point is overruled.

Mr. Fulmer made the following argument, referring to appellee: "Even the unfortunate thing shown with a defect with the eyes and it has been unfortunate for them to be among—they are not in the destitute group, but unfortunate in a financial way. Yet he has a good family and

loves them as we do and has got as much right in this suit as anybody would be, to be protected, as Mr. Strasburger in Dallas enjoys." Mr. Strasburger objected, stating, "it is improper to argue about 'destitute or poverty' as improper and we ask that it be stricken." The court overruled the objection.

Appellant urges that this argument constituted an appeal to a sympathetic consideration of appellee's case because he had been and was "unfortunate in a financial way." As already pointed out evidence was introduced to show that appellee's financial condition was bad and that manifest injustice and hardship would result unless a lump sum was awarded. The argument is to be distinguished from that in Security Union Insurance Co. v. Alsop, Tex.Civ.App., 1 S.W.2d 921, cited by appellant, for the reason that in the case at bar there was no comparison of appellant's more favorable financial resources with those of appellee. The last sentence of the foregoing argument may border upon impropriety, at least it is misplaced and unnecessary, and particularly the reference to Mr. Strasburger. But the objection did not go to that, it only went to the portions of the foregoing quotation relating to the fact that appellee was unfortunate in a financial way. It was not improper for appellee's counsel to argue to the jury the financial necessity of appellee from the standpoint of his claim for compensation to be paid in a lump sum and upon the issue of manifest hardship and injustice to him unless that was done, upon all of which evidence had been introduced. King v. Federal Underwriters Exchange, supra; Gulf Casualty Co. v. Fields, Tex.Civ.App., 107 S.W.2d 661, writ dismissed. We do not think it can be considered as an appeal to sympathy, nor prejudice, nor that it was inflammatory, nor that it constituted a comparison with the more favorable financial condition of appellant or its attorney, Mr. Strasburger. Appellant's third point is overruled.

Appellant introduced as witnesses Henry Payne and O. L. Payne, partners of O. L. Payne Lumber Company, appellee's employer and the insured. Their testimony shows that checks for compensation payable to appellee were sent by appellant to the employer for delivery to appellee. Some of said checks were so delivered. In the meantime the employer received a notice of injury from appellee's attorneys. Upon receipt of such notice they returned the undelivered checks to the appellant. On direct examination of O. L. Payne, appellant's counsel asked the questions and obtained the answers, to-wit:

"Q. Does the outcome of this suit affect your finances? Does it affect you financially? A. It certainly does.

"Q. In what way? A. The more claims we have the higher the insurance and the less claims we have it reduces the insurance premiums.

"Q. Who eventually pays whatever judgment might be rendered in this case? A. O. L. Payne Lumber Company."

On cross examination by appellee's attorney the witness was asked:

"The amount of money paid in this case for a man's injury does affect you financially? A. Yes."

Henry Payne was questioned by appellant's attorney on direct examination and the following proceedings were had:

"Q. While he (appellee) was in the hospital or right after he was injured did you advance him some money on behalf of Payne Lumber Company for his groceries? A. He had free right to get groceries out of the commissary.

"Mr. Fulmer: We object to that because it has no bearing on this case, for them to make gestures of any kind that Payne Lumber Company done something to create sympathy. Payne Lumber Company is not involved.

"Mr. Strasburger: I think they are involved and we have a right to show motive and that is the purpose of offering it."

The court overruled appellee's objection and the witness went on to testify that appellee had a free right to buy groceries in the commissary although the commissary

was not company owned and that Payne Lumber Company advanced money to appellee's wife for her to make a visit to the hospital to see appellee.

During the argument appellee's counsel, Mr. Fulmer, made the following remarks: "They want to say here is a home boy and they are suing 'me.' It is not suing him. It is the insurance company, and if that is the law, and I am sure it is. You know how that goes. He knew what the insurance rate was and he shows that insurance company and insures that man to work for him under the insurance company and the insurance company received the money. Just another case and I'm talking to every one of you." Mr. Strasburger then stated: "We object *to any premium rating* (emphasis added) and move that it be stricken. There is nothing in the charge about that." The court overruled the objection, to which the appellant excepted. Mr. Fulmer then continued: "You may differ with me. You have heard the case, but my opinion you are dealing with another case or a case where an insurance company has enjoyed the premiums all along and when it comes to them they put it another way. Can't think to send the check in time." To the last quoted remarks Mr. Strasburger said: "We make the same objection," and it was overruled. By the expression "the same objection," we assume that counsel was objecting upon the same ground first above stated, that is, "to any premium rating."

Appellant briefs this point on different grounds from that stated in the foregoing objections. The position taken in appellant's brief is that the substance of the foregoing argument "was that the insurance company in this case was interested only in enjoying the collection of premiums for writing the insurance in question but was not interested about the claims." The grounds thus taken would raise the issue of its prejudicial effect, whereas the ground of objection actually made was that the premium rating was not involved in the case. On the grounds taken in appellant's brief we overrule its fourth point of error because the alleged error presented therein was not the basis of the objection made. An objection must apprise the court of what counsel considers erroneous and a statement of one ground waives all others. Thompson v. Clement et ux., Tex.Civ.App., 202 S.W.2d 341, error refused, N.R.E.; James v. Flippen, Tex. Civ.App., 122 S.W.2d 1090; Holt v. Collins et al., Tex.Civ.App., 131 S.W.2d 813, writ dism. C. J.; Fort Worth & R. G. Ry. Co. v. Bryant, Tex.Civ.App., 210 S.W. 556, writ refused; El Paso City Lines, Inc., v. Prieto, Tex.Civ.App., 191 S.W.2d 59, 65. Of course, if the argument was of such prejudicial nature that an objection was unnecessary, the foregoing rule would not apply, but the argument was not of that nature. However, if appellant's point is sufficient to raise the question of improper argument on the basis of the objection actually made, we overrule the same. The evidence quoted above and injected into the case by appellant, as well as the remark of appellant's counsel that the employer was "involved," authorized the argument of appellee's counsel. The relationship between appellant and Payne Lumber Company was shown by appellant's testimony to be so close that an agency apparently existed, and the act of Payne Lumber Company in returning the checks to appellant, which appellant thereafter kept so far as the record shows, was sufficient basis for appellee to draw the conclusions expressed in his argument. The transactions referred to took place after appellant and the employer learned that appellee, in proper exercise of his right, had employed his attorney. His conclusions may have been wrong, but nevertheless, he had the right to draw them from the foregoing evidence. Ft. Worth Casualty Co. v. Fields, supra; Russell et al. v. Martin, 121 Tex. 488, 49 S.W.2d 699; 41 Tex.Jur. p. 773. The fourth point is overruled.

On cross examination of appellee it was made to appear that appellee's eyes were crossed. The fact was brought out by appellant's counsel in the following manner:

"Mr. Strasburger: I notice your eyes are crossed. Where they that way before the accident? A. Yes, all of my life.

"Mr. Strasburger: You are not pinning that on us? A. No."

Thereafter on re-direct examination by plaintiff's attorney the following took place:

"Q. Do you know why Mr. Strasburger embarrasses you by asking you that question about your eyes?

"Mr. Strasburger: We object to his arguing, leading and suggesting to the witness.

"The Court: He may answer. (To which appellant excepted.)

"Q. Do you know or have reason by anything you have said or done to cause him to choose to ask you whether or not the defect in your eyes was caused by the accident?

"Mr. Strasburger: We object to that for the reason it is misleading, suggestive and argumentative.

"The Court: Overruled. (To which appellant excepted.)

"A. No."

██ ██ Appellant assigns error in the foregoing proceedings on the ground that, as stated in its brief, "It is perfectly obvious that Mr. Strasburger merely asked a legitimate question and that therefore it was highly improper for plaintiff's attorney to try to prejudice the jury against Mr. Strasburger in the manner in which he proceeded." Appellant calls it also "highly improper conduct of plaintiff's counsel." We do not agree that any of it was improper. It is not shown that appellee's notice and claim for compensation alleged any such injury as resulted in crossed eyes. The petition set forth appellee's injuries fully, with no mention whatever of injury to his eyes. Appellee had testified fully on direct examination without a hint that his eyes had been injured in the accident, and without reference to them being crossed. It was left to appellant's counsel only to inject the matter into the lawsuit. Appellant presents the view that he was afraid the jury, seeing the appellee's crossed eyes, "might have jumped to the conclusion that there was some connection between that condition and the accident involved in the case." The connection may find repose in imagination, but hardly in reality. "It will be presumed that the jurors possessed ordinary intelligence, and that they were not in any manner influenced by indiscreet but harmless remarks of counsel which ought not to affect men of understanding." Tex. Jur., Vol. 3B, p. 369, and cases cited. Quite certainly both appellant and appellee had sought to get jurors of ordinary intelligence. Appellant's counsel having injected the matter into the case, Fulmer doubtless deemed it necessary to do what he could to overcome what to him seemed a belittling appraisal of appellee's claim as was involved in the first question, and more certainly in the further question, "You are not pinning that on us?" after appellee had informed counsel that such condition had existed all of his life. We think it was entirely proper for appellee to ask the questions and obtain the answers indicated in the foregoing reproduction from the transcript under these circumstances. Furthermore, the objection that the questions asked were argumentative, leading and suggestive are not briefed. Appellant presents grounds of error here which were not presented in the lower court. Therefore, we feel constrained under all the circumstances to overrule appellant's ninth point of error.

By its fifth point the matter arose again in the argument. The bill of exception does not clearly set forth just what was being said prior to the portion of Mr. Fulmer's argument which is quoted therein. But that which is quoted is as follows:

"Henry said, 'Don't you want me to pursue that any more?' with that fictitious smile. Even when he referred to that man's eyes, he got the deepest laugh he ever got about a man being cross-eyed. He attempted to make a joke out of this lawsuit.

"Mr. Strasburger: We never laughed at the man and we object to that because it's improper and prejudicial and we have a right to know whether or not there is any claim in connection with his eyes and whether or not there was any strain in the

wreck. In the event he was suing for a personal injury in connection with that, and we had that right, and that is highly prejudicial and we ask that it be stricken.

"The Court: Overruled. (To which the appellant excepted.)

"Fulmer: We know nothing hurts Mr. Strasburger. He hasn't felt any of that pain. He is more fortunate, blessed with more education and better expression and better face and that just shows you."

The ground of objection first above, it will be noticed, is not stated, and no objection was made to the last quotation from Mr. Fulmer's remarks.

■ Appellant now urges that the foregoing constituted "unfair criticism of an attorney." He again urges that it was legitimate to inquire into whether or not appellee was claiming any connection between the accident involved and the condition of his crossed eyes. We do not think the argument was so prejudicial or inflammatory, or that it was such unfair criticism of appellant's counsel as to leave a reasonable doubt of its harmful effect. El Paso City Lines, Inc., v. Prieto, Tex.Civ.App., 191 S.W.2d 59, 65; Ramirez v. Acker et al., 134 Tex. 647, 138 S.W.2d 1054. The remarks above quoted can not reasonably be brought within the decision of the Supreme Court in Airline Motor Coaches, Inc., v. Bennett, 144 Tex. 36, 187 S.W.2d 982, as contended by appellant. We are unable to say from the record whether counsel's statements "he got the deepest laugh he ever got," and "He attempted to make a joke out of this lawsuit," were justified. The bill of exception does not explain further than that the remarks were made. The remarks not being of such prejudicial nature as to call for a reversal, error is not shown, and appellant's fifth point is overruled. By this action we are not to be understood as approving the above or any other remarks which may border on unfair or unfavorable criticism of opposing counsel.

By its sixth point appellant urges reversible error in the following argument of Mr. Fulmer:

"Use your common sense and if nothing is wrong, I say remember I want you to use your common sense and don't let that stuff sway you. Use your sense. See if one bit of testimony Mr. Strasburger quoted was correct, Think of one statement he made and see if it happened. It was like hoping he would mislead you and telling you all the time—

"Mr. Strasburger: We object to his making a generalized statement, saying I misquoted the testimony.

"The Court: (no ruling)

"Every statement you made and I don't think you made a one that was correct.

"Mr. Strasburger: We call for the record. We object to that statement.

"The Court: Overruled." (To which appellant excepted.)

■ The facts set forth in this bill cannot be verified by the record. Therefore we must take the bill of exception alone. The court fixes no explanation or qualification to the bill. Prima facie it does not show error. We assume the foregoing occurred during the closing argument in the case. If so, the jury had heard Mr. Strasburger's argument. They had heard the evidence. They knew whether the remarks of Fulmer were true or not, whether they were exaggerations, whether made flippantly or seriously, and if seriously, whether under all the facts and circumstances they were reflections on Mr. Fulmer or Mr. Strasburger. In short, even if the remarks were improper—and we do not approve of them—we do not believe they were of such prejudicial nature as to call for a reversal. The sixth point is overruled.

■ Under points seven and eight complaint is made to that portion of the argument of appellee's attorney in which he stated (a) that appellee under the law could not get more than sixty per cent of his weekly wage and in any event not more than $25.00 per week; and (b) that by the time appellee paid his attorneys and his debts he wouldn't have more than $3,000 or $4,000 left. His petition shows that he

sued for the maximum of $25.00 per week for 401 weeks, that he owed debts, and had a contract with his attorneys for one-third of the recovery. The petition also showed that the rate of compensation was figured at sixty per cent of his average weekly wage and that in the event of a lump sum award which he was seeking appellee would be required to discount the total award at six per cent. These are facts which appellee was discussing in the course of the foregoing argument and we do not see anything improper in them, or if improper, that they are so prejudicial as to require a reversal. Federal Underwriters Exchange v. Rattler et al., Tex.Civ.App., 192 S.W.2d 942; King v. Federal Underwriers Exchange, 144 Tex. 531, 191 S.W. 2d 855. Points seven and eight are overruled.

■ Appellant does not specifically present a point urging that the accumulative effect of all the arguments above set forth were so highly prejudicial and inflammatory as to constitute reversible error under the decisions of the Supreme Court in Southwestern Greyhound Lines, Inc. v. Dickson, Tex.Sup., 236 S.W.2d 115, and Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302. Under these decisions if there is a reasonable doubt as to the harmful effect of these arguments as a whole judgment should be reversed. In passing upon that question, however, the appellate court must consider the record as a whole. Taking the record as a whole and applying "presumed error" as to improper argument, we do not believe a reasonable doubt has been raised that the cumulative effect of the foregoing arguments was so harmful as to cause the jury to render an improper verdict. The verdict is amply supported by the evidence and was not excessive. There is nothing to indicate that it was arrived at through passion, or prejudice, or from facts outside the record.

Appellant's tenth and last point complains of the action of the trial court in permitting appellee's wife to testify concerning complaints of pain and suffering by appellee after the accident. Appellant objected to such testimony as calling for hearsay evidence and self-serving declarations. Appellee's wife testified that he complained of pain in his shoulder and back all through the night and 'hat he could not rest good at night. Complaints of present bodily pain and suffering are admissible and do not come within the hearsay rule. City of Port Arthur v. Wallace et al., Tex.Civ.App., 167 S.W.2d 549, affirmed 141 Tex. 201, 171 S.W.2d 480; Roth v. Traveler's Protective Ass'n of America, 102 Tex. 241, 115 S.W. 31; Parker et al. v. Harrell, Tex.Civ.App., 212 S. W. 542; International-G. N. Ry. Co. v. Lane, Tex.Civ.App., 127 S.W. 1066; Republic Underwriters v. Howard, Tex.Civ. App., 69 S.W.2d 584.

■ ■ O. L. Payne, appellant's witness, testified that shortly after appellee was discharged from the hospi'al, the witness saw appellee walking around with his arm in a sling and that appellee did not complain of any injury to his back. Appellant's medical witness testified that appellee made no complaint of pain in his back or left arm. The testimony was therefore admissible in rebuttal of appellant's testimony. There was no effort on the part of appellee to prove statements made by him, and the testimony would therefore not come within the rule of hearsay or self-serving declarations. Accordingly, appellant's tenth point is overruled.

Finding no error in the record calling for a reversal, the judgment of the district court is in all things affirmed.