Beryl A. McCRAW et vir, Appellants,

v.

**TEXAS TURNPIKE AUTHORITY,**
Appellee.

No. 4854.

Court of Civil Appeals of Texas.

Waco.

Nov. 13, 1969.

Rehearing Denied Dec. 11, 1969.

Searcy M. Ferguson, Jr., Dallas, for appellants.

Locke, Purnell, Boren, Laney & Neely, Richard G. Rogers, Dallas, for appellee.

## OPINION

HALL, Justice.

Appellants are the landowners in this condemnation case that was tried before a jury.

While being cross-examined by appellee's counsel, appellants' witness Ferguson was asked the following question: "Mr. Ferguson, are you the same Mr. Ferguson that filed a lawsuit against the Turnpike Authority to try to get some money for property you didn't own?" Appellants immediately moved for mistrial because of the prejudicial nature of the question, but the motion was overruled. Error is assigned to this ruling.

When appellee's counsel asked the question, he and the jury knew that the witness Ferguson is the father of counsel for appellants; that the witness is a close friend of appellants; and that the witness, since 1952, has lived just "three doors" from the property being condemned.

Later, attorney for appellee stated to the jury in argument that "This is a trumped-up lawsuit;" and, "I would like to get my father in Court, and I bet I could get some pretty good testimony out of him."

It is obvious that the question was improper and prejudicial. It is apparent that the very clear implications and insinuations of the question, not predicated upon any facts adduced in evidence either before or after it was asked, were intended by appellee's counsel to discredit the witness in the minds of the jury, and calculated to discredit appellants' attorney, and appellants, as well.

It is significant, we think, that appellee has not seen fit, by counterpoint or argument, to traverse this claim by appellant of prejudicial error.

Evidence was adduced by appellants to show that the witness Ferguson was eminently qualified as a real estate appraiser and broker. He was their prime value-damage witness. He expressed the opinion that appellants' remaining property, as a result of various elements of damage which he said were caused by the condemnation, sustained a reduction in value of almost $10,000; and that the portion of the property taken had a value of almost $3,800. Appellee's single witness on values testified that the parcel taken had a value of $2,095, and that there was no damage to the remainder. The jury found the tract taken had a value of $2,515.80, and that the remainder sustained no damage. Judgment was rendered on the verdict.

In our opinion there is a strong suggestion in the evidence of some damage to the remainder-tract; and a careful review of the entire record convinces us that the question complained of was calculated to prevent, and did prevent, a fair and impartial trial and verdict based upon and confined to the competent evidence introduced upon the trial. We are also of the opinion that the prejudice and harm generated against appellants before the jury by the question could not have been cured by an instruction from the court.

Appellants' motion for mistrial should have been granted.

We have carefully considered, and overrule, appellants' remaining points of error. In some, the matters complained of have

not been preserved for appellate review; the others, in our opinion, do not present reversible error.

For the error discussed, the cause is reversed and remanded.