**TEXAS TURNPIKE AUTHORITY,**
Petitioner,

v.

**Beryl A. McCRAW et vir, Respondents.**

No. B–1918.

Supreme Court of Texas.

Oct. 7, 1970.

Rehearing Denied Nov. 18, 1970.

Locke, Purnell, Boren, Lahey & Heely, Richard G. Rogers and J. R. Ramsey, Dallas, for petitioner.

Bentley & Ferguson, Searcy M. Ferguson, Jr. and Larry Funderburk, Dallas, for respondents.

WALKER, Justice.

This is an eminent domain proceeding instituted by Texas Turnpike Authority, petitioner, against Beryl A. McCraw and husband, Miller McCraw, respondents. Judgment on the verdict was rendered by the trial court, and respondents appealed. The Court of Civil Appeals concluded that a question propounded to a witness by counsel for petitioner was so prejudicial that respondents' motion for mistrial should have been granted. It accordingly reversed the judgment of the trial court and remanded the cause. 448 S.W.2d 147. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

Respondents offered three valuation experts. One of them, Searcy M. Ferguson, Sr., is the father of counsel for respondents. During the cross-examination of this witness, counsel for petitioner asked the following question:

> "Mr. Ferguson, are you the same Mr. Ferguson that filed a lawsuit against the Turnpike Authority to try to get some money for property you didn't own?"

Respondents did not object to the question or request that the jury be instructed not to consider it. They simply moved orally for a mistrial, and their motion was overruled. Neither party attempted to pursue the matter further, and the question was never answered. The record does not disclose how the witness would have answered or the nature of the litigation mentioned in the question. According to respondents' brief in the Court of Civil Appeals, the case referred to was McCraw v. City of Dallas, Tex.Civ.App., 420 S.W.2d 793 (wr. ref. n. r. e.). The witness and a number of other parties had there sued the City of Dallas and Texas Turnpike Authority for title to a strip of land that was dedicated as a public street. The plaintiffs contended, among other things, that the offer of dedication was never accepted and that the easement had been abandoned. Summary judgment was rendered for the defendants, and the Court of Civil Appeals affirmed.

■ Considerable latitude is allowed in cross-examination, and it has been said that anything calculated to bias a witness is proper testimony to enable the jury to determine the extent to which his evidence can be relied upon. Wentworth v. Crawford, 11 Tex. 127. We do not attempt to determine, however, whether it would have been proper for petitioner to establish simply that the witness had previously sued it and suffered an adverse judgment. See Ferguson Seed Farms v. McMillan, Tex. Com.App., 18 S.W.2d 595; Missouri, K. & T. R. Co. of Texas v. Burk, Tex.Civ.App., 146 S.W. 600 (no writ); 3 Wigmore on Evidence, 3rd ed. 1940, § 948 et seq.; 1 McCormick and Ray, Texas Law of Evidence, 2d ed. 1956, § 670 et seq. The form of the question here indicates that counsel's primary purpose was not to elicit relevant information but to annoy the witness or reflect upon his character by insinuating that he had dishonestly sued for that to which he was not entitled. We agree with the Court of Civil Appeals that the question was improper. See 3 Wigmore, *supra*, §§ 780, 781. The trial court evidently was of the same opinion, because the record shows rather clearly that a proper objection would have been sustained.

■ It does not necessarily follow that the trial court was required to order a mistrial. The question was not answered, and the jury never learned whether the witness was the Mr. Ferguson who had previously sued petitioner to get money for property he did not own. In our opinion the mere asking of the question was not reasonably calculated to cause the rendition of an improper judgment, and any prejudice to respondents could have been removed by instruction. We hold that the trial court did not abuse its discretion in overruling the motion for mistrial. See Walker v. Texas Emp. Ins. Ass'n, 155 Tex. 617, 291 S.W. 2d 298; Herrin Transp. Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245 (wr. ref.). Respondents had a number of other points of error in the Court of Civil Appeals, but all of them were correctly overruled by the intermediate court for the reasons stated in its opinion.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

McGEE, Justice (dissenting).

I agree with the opinion of the Court of Civil Appeals. 448 S.W.2d 147.