Samuel Francis WILSON et ux., Appellants,

v.

Barbara MATHIS et vir, Appellees.

No. 4932.

Court of Civil Appeals of Texas, Waco.

Nov. 12, 1970.

Moore & McCarty, Ennis, for appellants.

Mays, Jacobs & Pevehouse, Corsicana, for appellees.

## OPINION

HALL, Justice.

This suit is for the custody of Carl DeWayne McBride, who was born in August, 1964. The appellants, the Wilsons, are the child's maternal grandparents; and the appellees, Barbara and Ray Mathis, are his natural mother and stepfather.

In September, 1968, a non-jury trial between these same parties for custody of Carl DeWayne was held in the 40th Judicial District Court of Ellis County, Texas. It resulted in a judgment awarding custody to the Wilsons, with specified visitation rights to Mr. and Mrs. Mathis.

The present suit was heard with a jury in January, 1970, in the 13th Judicial District Court of Navarro County, Texas. The jury found that (1) there has been a material change of conditions since the rendition of the previous decree, and (2) the best interests of the child would be served by placing him in the custody of his mother. The trial court rendered judgment on the verdict, awarding custody to Mrs. Mathis.

Appellants contend that the trial court erred in overruling their motions for instructed verdict and for judgment notwithstanding the verdict, both of which were timely presented. These complaints raise "no evidence" questions, and if the record contains any evidence that is legally sufficient to support the jury's findings, then the trial court's rulings are correct. Air Conditioning v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422, 425 (1952); Rule 301, Texas Rules of Civil Procedure; Gulf, C. & S. F. Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933, 937 (1958).

Mr. Wilson, though not immobile, is disabled by a heart illness to the extent that he cannot hold gainful employment. He draws monthly disability payments from the federal government. This condition existed when the previous decree was rendered. At that time, both he and Mrs. Wilson were at home all day and cared for the boy. There is testimony in the record from which the jury could have reasonably inferred and determined that since the previous adjudication the following circumstances have come about; and that, cumulatively, these new conditions are injurious to the best interests and welfare of the child: that Mrs. Wilson is now working from 7:00 A. M until 1:00 P. M. daily, Monday through Friday; that both grandparents are in poorer health and are no longer physically able to care for the child; that, as a result of these conditions, the child is being neglected in that he is not being properly disciplined, or clothed, or fed, or kept clean; and that the grandparents are attempting to rear the child with disaffection for his mother, and dislike for his stepfather. With the exception of Mrs. Wilson's employment, these facts are categorically refuted by the testimony of Mr. and Mrs. Wilson and other witnesses favorable to them. Nevertheless, a proper testing of the trial court's ruling on appellants' motions requires that we accept the evidence and the inferences therefrom in a light most favorable to appellees' case and reject all contrary evidence and inferences. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60, 61 (1953); Anderson v. Moore (Tex.Sup., 1969) 448 S.W.2d 105.

We hold that the evidence is legally sufficient to support the jury's finding of a material change of conditions.

Appellants are correct in their assertion that evidence of an improvement or pro-

spective improvement of the non-custodial parent who was a party to the previous custody adjudication would not support the finding of material change of conditions. See Bukovich v. Bukovich (Tex.Sup., 1966) 399 S.W.2d 528, 529–530; Knowles v. Grimes (Tex.Sup., 1969) 437 S.W.2d 816, 818. However, once a material change of condition has been established, then the trier of facts may consider the circumstances of all the claimants, including their relationship to the child, in determining what award of custody would serve the child's best interest. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955); Knowles v. Grimes (Tex.Sup., 1969) 437 S.W.2d 816, 818.

■ There is evidence that Mr. Mathis has a permanent job as a dairyhand; that the job pays well, including free milk and meat for his family's consumption, plus a calf every six months; that Mrs. Mathis does not work and does not intend to do so; that they now have a stable home life; that they are furnished a two-bedroom trailer house and utilities; that there is a mutual feeling of strong love and affection between them and Carl DeWayne, and that the boy is happy when he is with them; that they have a 19-months old son, and wish to rear the boys together; that Mr. Mathis hopes to adopt Carl DeWayne; that Mrs. Mathis is 25 years of age, and that Mr. and Mrs. Wilson are 54 and 49 years of age.

There is other evidence that would have supported continuing custody with the Wilsons. It was the jury's province to weigh all of the evidence, to observe each witness and decide what credence should be given to the whole or to any part of the testimony, to judge the facts proved, and to then determine the ultimate question of what would best serve the welfare of the child.

We hold that the evidence is legally sufficient to support the award of custody to the mother.

Appellants have a remaining complaint. While testifying on direct examination Mr. Wilson was asked, "Does your wife drink?"; he answered, "No." On his cross-examination, the following occurred: "Q. All right. You say your wife doesn't drink. A. No, Sir. Q. Now don't you know that your wife was filed on for driving while intoxicated in Ellis County? A. Yes, sir, but they didn't stick that. That wasn't true. What I mean, they didn't come up with the fact that she was drunk on that deal. Q. But, the officers arrested her and filed on her for driving while intoxicated?" At this point appellants' counsel made a valid objection to this "improper line of questioning" and moved the court to "instruct the jury not to consider the last question." The objection was sustained and the instruction was promptly given. Appellants' oral motion for mistrial on the ground that the question "has prejudiced the jury" was overruled, and this ruling is assigned as error.

■ The question was improper. However, the matter was not again raised in the trial. Presumptively, the jury followed the court's instruction to disregard the question, Duncan v. Smith (Tex.Sup., 1965) 393 S.W.2d 798, 805; and there is no showing to the contrary. Any prejudice generated by the mere asking of the question was removed by the instruction. The trial court did not abuse its discretion in overruling the motion for mistrial. See Texas Turnpike Authority v. McCraw (Tex.Sup., 1970) 458 S.W.2d 911.

The judgment is affirmed.